SOLOMON MORRISON, Plaintiff, *v.* ROYAL INDEMNITY COMPANY, Defendant.

Fourth Department, December 5, 1917.

Insurance — motor vehicles — indemnity against liability for injuries caused by automobile — exemption from liability where car is driven by person under legal age — estoppel — misrepresentation of facts by plaintiff — continuation of trial by defendant after knowledge of misrepresentation.

Where a policy indemnifying the plaintiff against damages for personal injuries caused by his automobile expressly provided that the insurer should not be liable " in respect of injuries caused in whole or in part by an automobile while being driven or manipulated by any person in violation of law as to age," there can be no recovery against the insurer on a judgment recovered against the plaintiff for personal injuries, where

it appears that there was a violation of subdivision 2 of section 282 of the Highway Law, in that the vehicle at the time of the accident was driven by the plaintiff's son who was under eighteen years of age and who was not accompanied by a duly licensed chauffeur, or by the owner of the car.

The insurer is not estopped from asserting said provision of its contract because it undertook the defense of the negligence action against the plaintiff if he represented to the insurer that his son was accompanied by a duly licensed chauffeur and the insurer relied upon such representation, which was false.

Nor is there any estoppel because the insurer, before trial, knew that the alleged chauffeur sat in the back seat of the car instead of actively assisting the plaintiff's son in the capacity of chauffeur, for the plaintiff cannot predicate an estoppel on the falsity of his own representation.

Nor was there any waiver of the defendant's rights under its policy because it continued the trial of the negligence action after learning that the person alleged to be a chauffeur was not duly licensed as such, if such knowledge was only acquired by the defendant on the last day of the trial and one hour before the case was submitted to the jury, or because the insurer did not disclaim liability until about five days after trial.

MOTION by the plaintiff, Solomon Morrison, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance upon the granting of a nonsuit and a dismissal of the complaint by the court at the close of the case upon a trial before the court and a jury at the Erie Trial Term in April, 1917.

*Dana L. Spring,* for the plaintiff.

*Clinton B. Gibbs* and *Karl A. McCormick,* for the defendant.

DE ANGELIS, J.:

The action was by the insured against the insurer upon an indemnity insurance policy, to recover the amount of a judgment recovered against the insured, the plaintiff, after a trial in an action brought by one Schultz for personal injuries sustained in a collision between his wagon and the plaintiff's automobile, and to recover the amount of a judgment rendered upon an appeal to this court from such judgment and the expenses of such appeal, which judgments and expenses had been paid by the plaintiff before the commencement of this action.

The defense was that by the terms of its policy the defend-

ant did not agree to indemnify the plaintiff against liability for the injuries sustained by Schultz.

The automobile was owned by the plaintiff and was operated by his son who at the time of the accident was under eighteen years of age. The policy expressly provided that the defendant was not to be liable " in respect of injuries caused in whole or in part by any automobile while being driven or manipulated by any person in violation of law as to age, or, if there is no legal age limit, under the age of sixteen years."

Subdivision 2 of section 282 of the Highway Law (Consol. Laws, chap. 25 [Laws of 1909, chap. 30], added by Laws of 1910, chap. 374, as amd. by Laws 1911, chap. 491)* is as follows:

" Age of operator. No person shall operate or drive a motor vehicle who is under eighteen years of age, unless such person is accompanied by a duly licensed chauffeur or the owner of the motor vehicle being operated."

The accident occurred September 11, 1913. Immediately upon the happening of the accident the plaintiff notified the defendant of the occurrence as required by the policy. It appearing that the plaintiff's son was under eighteen years of age, the plaintiff represented to the defendant that at the time of the accident his son was accompanied by one Wilson, a duly licensed chauffeur, and produced Wilson to the representatives of the defendant that he might be used as a witness. The last witness produced by the defendant upon the trial in the Schultz case was Wilson and then it appeared for the first time that he was not a *duly licensed* chauffeur when he testified that at the time of the accident he was under eighteen years of age. It is to be noted also that upon the trial of this action, the proceedings in which are now under review, it was conclusively shown that Wilson, now dead, never was licensed as a chauffeur. As soon as the trial of the Schultz case was concluded and the motion for a new trial denied, the defendant disclaimed liability for the damages to Schultz and refused to proceed further in the case unless the plaintiff would stipulate that if the defendant proceeded further and took an appeal, it should be without prejudice to its claim

---

* Since amd. by Laws of 1917, chap. 769.— [REP.

that it was exonerated from liability because the plaintiff's son was under eighteen years of age and was not accompanied by a licensed chauffeur. The plaintiff would not so stipulate; the defendant thereupon refused to proceed further with the litigation, again disclaimed liability and the plaintiff's personal attorneys were substituted in place of the defendant's attorneys. The plaintiff took charge of the litigation and took the appeal with the result that the judgment appealed from was affirmed as it already appears.

It is now clearly established that at the time of the accident the plaintiff's automobile was driven by his son who was under eighteen years of age and was not accompanied by the plaintiff or a duly licensed chauffeur. So that, under its contract, the defendant is not obligated to indemnify the plaintiff for his loss unless the defendant's conduct has estopped it from taking the benefit of its contract in that respect.

The plaintiff insists that as the defendant's representative might have ascertained that Wilson was not a duly licensed chauffeur if they had made diligent investigation for that purpose, the defendant is estopped from asserting that Wilson was not a duly licensed chauffeur. I think that the fair answer to that proposition is that as the plaintiff represented to the defendant that Wilson was a duly licensed chauffeur, the plaintiff cannot take advantage of the defendant's reliance upon such representation.

The plaintiff also claims that as a correct interpretation of subdivision 2 of section 282 of the Highway Law requires that the person who is to accompany one who although under eighteen years of age drives an automobile, must be in the automobile in the capacity of a chauffeur charged with the duty of superintending the driver as well as a licensed chauffeur, and that as the representatives of the defendant knew before the trial of the Schultz case that Wilson sat in the back seat of this six-passenger automobile as one of the party of boys and in no sense to superintend the driving, the defendant undertook the defense of the Schultz action with full knowledge that it was not liable under its contract and is, therefore, estopped from claiming exemption from liability. The answer to this proposition is that since the plaintiff represented to the defendant that this supposed licensed chauffeur

accompanied his son in the automobile for the purpose of complying with the statute, and thus interpreted the statute for that purpose, the plaintiff cannot predicate an estoppel on the falsity of his own representation.

It is suggested that since Wilson disclosed the fact that he was under eighteen years of age, and so not a duly licensed chauffeur, about four o'clock P. M. on the last day of the trial and the case was thereafter submitted to the jury about five o'clock after the addresses of the counsel and the charge to the jury; that a sealed verdict was returned the next morning at the opening of the court, to wit, May twenty-ninth; that immediately thereafter a motion was made upon the minutes by the defendant's counsel to set aside the verdict and for a new trial, briefs upon which were submitted; and that the defendant caused a letter to be written to the plaintiff on the fourth day of June advising him of its disclaimer of liability; this brief and necessary continuance of the defense of the action by the defendant constituted a waiver of the right of the defendant to its disclaimer of liability.  I think not.  It would hardly have done for the counsel to withdraw from the cause as the trial proceeded in its last stages.  To ask for a suspension of the trial immediately upon Wilson's disclosure of his age upon the ground suggested would not have been permissible.  The disclaimer made in the letter of June fourth as the result of the decision of the defendant after the situation was presented to it came reasonably promptly and in our opinion ought not to be held as dilatory and too late to justify the defendant in withdrawing from the defense of the action.

It follows that the judgment of nonsuit should be affirmed, with costs.

All concurred.

Plaintiff's exceptions overruled, motion for new trial denied, with costs, and judgment directed for the defendant upon the nonsuit, with costs.