CATALENA WAGONER, as Administratrix, etc., of CORNELIUS WAGONER, Deceased, Respondent, *v.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.

Third Department, January 6, 1926.

**Insurance — automobile indemnity insurance — action by insured to recover over from insurer — policy did not cover accident occurring while automobile was being operated by person under authorized statutory age — accident occurred on August 21, 1924, while automobile was being operated by owner's son who was under seventeen years of age and was unaccompanied by owner or licensed chauffeur — Highway Law, § 282, subd. 2, was then in effect notwithstanding amendment by Laws of 1924, chap. 360 — Laws of 1924, chap. 360, § 27, amending Highway Law, § 289, subd. 4, merely relieved person then legally authorized to drive from procuring operator's license until October 1, 1924 — plaintiff not entitled to recover.**

Under a policy of automobile indemnity insurance which provides that it does not cover any loss caused by any automobile while operated by or while in charge of any person under the age fixed by law for drivers of automobiles or who is, in any event, under the age of sixteen years, the insured cannot recover over against the insurer the amount which she was required to pay to the representative of a third person who was killed by her automobile which was being negligently operated at the time by her son, then under seventeen years of age, who did not have a chauffeur's license and was not accompanied by the owner or by a licensed chauffeur, for, while the accident happened on August 21, 1924, after chapter 360 of the Laws of 1924, amending the Highway Law, became effective generally, subdivision 2 of section 282 of the Highway Law, which provided that no person under the age of eighteen years should operate an automobile, was continued in effect by chapter 360 of the Laws of 1924 until the first day of October of that year.

Section 27 of chapter 360 of the Laws of 1924, amending subdivision 4 of section 289 of the Highway Law, merely relieved a person who was legally authorized to drive an automobile on July 1, 1924, from the duty of procuring an operator's license before October 1, 1924, and said chapter 360 of the Laws of 1924 did not authorize any person, without regard to age, to drive an automobile during the period from July 1, 1924, to October 1, 1924.

APPEAL by the defendant, The Fidelity and Casualty Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany

on the 12th day of June, 1925, upon the decision of the court rendered after a trial before the court at the Albany Trial Term, a jury having been waived.

*Nadal, Jones & Mowton [Charles B. Sullivan* and *Edwin A. Jones* of counsel], for the appellant.

*Harry Cook*, for the respondent.

VAN KIRK, J.  On August 21, 1924, the insured, owner of an automobile, permitted her son, then under seventeen years of age and not having a chauffeur's license, to drive the car.  While driving the car, unaccompanied by a licensed chauffeur or the owner, in a public place, her son negligently killed plaintiff's intestate. The plaintiff brought action against her and recovered therefor. The defendant insurance company denied liability and refused to take part in the defense, claiming that its policy, which it had issued to the owner, did not cover the risk.  This action is brought to recover from defendant upon that judgment.  Liability is contested under condition " B " of the policy, which provides as follows: " This policy does not cover loss from liability for, or any suit based on, injuries or death — (1) caused by any automobile while operated by or while in charge of any person who is either under the age fixed by law for drivers of automobiles, or who is in any event under the age of sixteen years."  It was evidently the intent of this provision to restrict liability for accidents where the car is being driven by a person under the age fixed by law for drivers of automobiles; and, in any event, whatever the age limit by law, by a person under sixteen years of age.  It is said that in some States the age limit is as low as fourteen years.

The question here is whether the son was " under the age fixed by law for drivers of automobiles " when the accident happened. The policy was issued in April, 1924.  The statute (Highway Law, § 282, subd. 2, added by Laws of 1910, chap. 374, as amd. by Laws of 1923, chap. 738) then provided: " Restriction on operation.  No person shall operate or drive a motor vehicle who is under eighteen years of age, unless such person is accompanied by a duly licensed chauffeur or the owner of the motor vehicle being operated."  If the accident happened while this provision of the statute was in effect the accident was not covered by the policy.  By chapter 360 of the Laws of 1924 the Highway Law in relation to motor vehicles was amended. By section 4 of that act subdivision 2 of section 282 (*supra*) was amended to read as follows: " 2. Restriction on operation.  No person shall operate or drive a motor vehicle on a public highway of this State unless such person is a duly licensed chauffeur or operator whether the owner of such vehicle or otherwise," and in section 26

of said act (amdg. Highway Law, § 289, subd. 1, added by Laws of 1910, chap. 374, as amd. by Laws of 1921, chap. 580)* it is provided: " No operator's or chauffeur's license shall be issued to any person under eighteen years of age." Thus plainly, if this act was in effect on August 21, 1924, when the accident happened, the son was under the age fixed by law for drivers of automobiles. It is cleverly argued that this eighteen-year restriction was a restriction upon procuring a license and not an age limit for the drivers of automobiles; but the contention is not substantial. The law plainly prohibited a person under eighteen years of age from driving an automobile in this State after the act above quoted took effect. If a person cannot drive an automobile on the public highway without a license and cannot have a license until he is eighteen years of age, he plainly cannot drive a car until he is eighteen years of age.

But it is argued that on July 1, 1924, the only age limit for drivers was contained in subdivision 2 of section 282 of the old law; that on that day chapter 360 of the Laws of 1924 took effect and subdivision 2 of section 282 of the old law was repealed, not by declaration, but by substitution of the amendment; that, by section 27 of the new law (amdg. Highway Law, § 289, subd. 4, added by Laws of 1910, chap. 374, as amd. by Laws of 1921, chap. 580), " a person shall not be required to have an operator's license under this section to operate or drive a motor vehicle outside of a county wholly within a city before October first, nineteen hundred and twenty-four," or before December 1, 1924, if the Commissioner should extend the period; that section 53 of chapter 360 of the Laws of 1924 makes similar provision; therefore, between July 1, 1924, and October 1, 1924, there was an interval during which there was no age limit for drivers of automobiles on the highways of this State. The immediate question then is, when did the amendment of subdivision 2 of section 282 of the old law take effect as to operators of motor vehicles on the public highway outside of a county wholly within a city? We should first observe that a distinction is made between a " chauffeur " and an " operator." " Chauffeur " is defined as a " person operating or driving a motor vehicle, as an employee or for hire," and " operator " as " any person, other than a chauffeur, who operates or drives a motor vehicle before the first day of October, nineteen hundred and twenty-four, in a county wholly included in a city, and on or after that day upon any public highway as hereinafter defined." (Laws of 1924, chap. 360, § 2, amdg. Highway Law, § 281, subd. 2, added by Laws of 1910, chap. 374, as amd. by Laws of

---

* Since amd. by Laws of 1925, chap. 319.— [REP.

1922, chap. 316.)* Also we observe that wherever in the amending act an age limit is mentioned it is eighteen years and nowhere in the act is a lessened age limit, or no age limit, declared, unless it be by the amendment of subdivision 2 of section 282.

We turn then to the question. Chapter 360, section 60, provides: "Except as otherwise above provided, this act shall take effect July first, nineteen hundred and twenty-four." Does this cover subdivision 2 of section 282 of the old law? This chapter 360 of the Laws of 1924 fixes separately the date when certain provisions thereof go into effect, and to such this general provision in section 60 does not apply. We notice also that there is no general provision in the amending act repealing all of the provisions of the old act, but some of the provisions of the old act are specifically repealed. Also some of the provisions of the new act are simply amendments of specified provisions of the old act. There is no provision repealing section 282, subdivision 2, of the old act, or declaring when the amendment thereof shall go into effect, unless it be section 60. Is then the time this amendment goes into effect "otherwise above provided?" We think it is. The Legislature intended, and it is in accord with the recognized rules, that each unrepealed provision of the old act which is amended shall remain operative until the amending provision goes into effect. While the amending provision requiring chauffeurs' licenses goes into effect July 1, 1924, that requiring operators' licenses does not go into effect until October 1, 1924. In section 27 of chapter 360 (amdg. Highway Law, § 289, subd. 4, added by Laws of 1910, chap. 374, as amd. by Laws of 1921, chap. 580) it is provided: "No person shall operate or drive a motor vehicle upon a public highway of this State, unless such person shall have complied in all respects with the requirements of this section, except as otherwise provided in section two hundred and eighty-two of this act; * * * and provided further that a person shall not be required to have an operator's license under this section to operate or drive a motor vehicle outside of a county wholly within a city before October first, nineteen hundred and twenty-four." And in section 53 of chapter 360 it is provided: "No person shall be required to have or hold an operator's license in order to operate a motor vehicle outside of a county wholly within a city before October first, nineteen hundred and twenty-four, or before the expiration of the extended time, if any, which may be fixed by the Commissioner of Motor Vehicles pursuant to law." It is thus "above provided" that, as to an operator's license, the law shall not take effect until October 1, 1924, and, therefore, as to an "operator" of a motor vehicle, the provision of subdivision 2,

* Since re-enacted by Laws of 1925, chap. 317, amdg. said section.— [REP.

section 282, of the old law was still effective. It seems plain to us that the legislative intent here was to be considerate to those operating cars and who might not know the new requirement, and so to allow those, except chauffeurs, who, under the old law, were lawfully operating automobiles on the highways, to continue to operate them without an operator's license until October 1, 1924; but it was not intended to permit those who, on account of age, could not before lawfully operate an automobile on the highways to operate them between July first and October first; that is, to repeal the old law as to age limit before the new law took effect. To conclude otherwise would involve this interesting condition: Chauffeurs, who had been tested and proved their capacity to drive automobiles and must be eighteen years of age, must have a license in order to lawfully drive on the public highways between July 1 and October 1, 1924, but operators who have proved no capacity to drive and no matter how young, may drive automobiles on the public highways between those dates, but at 'no other time. We think the legislative intent to preserve the age limit is plain and that a proper construction of the statutes may make that intent effective.

We conclude that the amendment of section 282, subdivision 2, took effect as to resident chauffeurs on July 1, 1924; that it did not take effect as to resident operators until October 1, 1924, or by extension of time until December 1, 1924; that, until the amendment took effect, the old subdivision 2 of section 282 of the Highway Law as to drivers not chauffeurs was operative.

The judgment should be reversed and the complaint dismissed, with costs.

All concur; HINMAN, J., not sitting.

Judgment reversed on the law and complaint dismissed, with costs.