MARION HUDAK, P. P. A., *vs.* UNION INDEMNITY COMPANY.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, BANKS and YEOMANS, Js.

Argued November 2d—decided December 18th, 1928.

*Daniel E. Ryan,* with whom, on the brief, were *C. Milton Fessenden, Matthew H. Kenealy* and *Jackson Palmer,* for the plaintiff.

*Warren F. Cressy,* for the defendant.

BANKS, J. The plaintiff recovered a judgment against one Jessie G. Ferguson, for damages for personal injuries received as the result of the operation of an automobile owned by her. At the time the injuries were received, Jessie G. Ferguson was insured by the defendant against loss from liability imposed by law for such injuries. This action is brought under Chapter 331 of the Public Acts of 1919, by which the judgment creditor in such case is subrogated to the rights of the assured against his insurer. The policy written by the defendant contained the following provision: "That this policy does not cover while any automobile is being driven by any person in violation of law as to age, or if there be no age limit, under the age of sixteen (16) years." At the time the plaintiff's injuries were received, the automobile which struck her was being operated by the son of Jessie Ferguson, who was then seventeen years old and was not accompanied by a licensed operator. These facts are stipulated, and we are asked to determine whether such operation was in violation of law as to age within the meaning of the insurance policy so as to bar a recovery thereunder.

Public Acts of 1921, Chapter 400, §15, which was in force at the time of the accident in which the plaintiff received her injuries, provided as follows: "No person shall operate a motor vehicle upon any public highway of this State until he shall have obtained from the commissioner a license for such purpose, provided any person over sixteen years of age who has not been refused and who has not had his motor vehicle operator's license suspended or revoked, may operate a motor vehicle while under the instruction of, and accompanied by, a licensed operator, who shall have full control of the motor vehicle as provided by law. No such

license shall be issued . . . until the commissioner is satisfied that the applicant is over eighteen years of age and is a proper person to receive such a license." It is conceded by the plaintiff that the Ferguson car was being driven in violation of this statute. The driver was under eighteen and was not accompanied by a licensed operator. But it is contended that this provision in the policy relates solely to the age of the operator of the car, and that the policy covers unless the driver of the car is under the minimum age (not less than sixteen) at which one may lawfully drive a motor vehicle. Reliance is placed upon the case of *Brock* v. *Travelers Ins. Co.*, 88 Conn. 308, 91 Atl. 279. In that case the driver of the car involved was between sixteen and seventeen and was not accompanied by a licensed operator. The statute then in force was, so far as relates to the questions here involved, substantially the same as the one which is controlling here. The policy in that case provided that it should not apply "while any such automobile is driven . . . by any person under the age fixed by law or under the age of sixteen years in any event." We held that this clause had reference solely and exclusively to the minimum age (not less than sixteen) at which one might lawfully drive, and since the statute permitted persons sixteen years old or more to drive, if accompanied by a licensed operator, sixteen must be regarded as the minimum age fixed by law. As we there pointed out, the proviso in that policy did not attempt to excuse the defendant from liability for losses incurred by the operation of the automobile contrary to the provisions of the statute. The proviso in the policy here involved does just that—it provides that the policy shall not cover while the car is being driven "in violation of law as to age." It is true it does not bar recovery if the car is being driven in violation of law generally. The

only law, the violation of which bars a recovery, is the law as to age, but that law is the very section which we have quoted, in direct violation of which the Ferguson car was being driven at the time of this accident. It was unquestionably true, as we said in the *Brock* case, that under the statute then in force any person over sixteen could operate a motor vehicle if accompanied by a licensed operator, so that the operator of the car in that case was not literally "under the age fixed by law" for the operation of a motor vehicle. Here, too, the operator was above the minimum age of sixteen, but under the terms of the policy here in question liability is not determined solely by the age of the operator, but by the question whether the operation of the car is in violation of the controlling statute. That statute fixed eighteen years as the age at which a person could receive a license to operate a motor vehicle upon the highways of the State. Operation by a person under that age was in violation of this law as to age except only in cases covered by the proviso of the statute which permitted such operation in case of persons over sixteen while under the instruction of and accompanied by a licensed operator. The Ferguson boy, not being accompanied by a licensed operator, was not within the proviso of the statute and was therefore driving this car in violation of the provisions of this statute and "in violation of law as to age."

The Court of Common Pleas is advised that the operation of the motor vehicle was in violation of law as to age within the meaning and intent of the insurance policy, and that the defendant is not liable under the terms of the policy for the judgment obtained by the plaintiff.

In this opinion the other judges concurred.