David M. Zolla and Theodore Zolla, Appellees, v. The Employers Liability Assurance Corporation, Ltd., of London, England, Appellant.

Gen. No. 32,779.

Heard in the first division of this court for the first district at the June term, 1928. Opinion filed January 21, 1929. Rehearing denied February 4, 1929.

WINSTON, STRAWN & SHAW and JOHN CLARK BAKER, for appellant; JOHN D. BLACK and CHARLES J. CALDERINI, of counsel.

JOHN A. BLOOMINGSTON, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by the defendant from a judgment in the sum of $3,000.33 which was entered upon the finding of the court.

The facts were stipulated. Plaintiff, David M. Zolla, was the owner of an automobile, and he procured from the defendant insurance company a policy for indemnity against damages on account of accidents in its use, maintenance and operation.

While this policy was in force on June 3, 1921, an accident in which this automobile was involved occurred at Twenty-Sixth Street and Princeton Avenue in the City of Chicago. The automobile was at that time being driven by Theodore Zolla, the son of David, for the father and with his consent, and unaccompanied by any adult person. At that time Theodore lacked four months of being 17 years of age.

Suit was brought against David M. Zolla by one Frank Gentile, claiming damages on account of injuries sustained in this accident. Notice having immediately been given to the defendant at the time of the happening of the accident, plaintiff requested the defendant here to defend the suit brought in the superior court, which it refused to do, alleging that it was not obligated or liable because of a condition in the policy, as follows:

"This policy does not cover as regards any automobile under any of the following conditions:

"(1) While being operated or used by any person contrary to law as to age, or any person under the age. of sixteen (16) years, where no statute restricts the age."

Thereafter plaintiffs defended the suit brought by Gentile, a verdict was returned in favor of Gentile, a new trial granted, whereupon a settlement was made. The sum of $1,200 for releases and other sums necessarily expended in defending the suit were paid. There is no controversy as to the amount of damages here, provided the defendant is in fact liable under the terms of the policy.

At the times mentioned an ordinance of the City of Chicago provided:

"It shall be unlawful for any person who is under sixteen years of age at any time to operate any motor vehicle or motorcycle on any street, alley or public place in the city; and it shall be unlawful for any per-

son who is under eighteen years of age, unless accompanied by parent, guardian or other adult person, to so operate such vehicle . . ."

At the close of the evidence, the defendant asked the court to hold as propositions of law that plaintiffs were not entitled to recover; that the policy did not cover the accident to Frank Gentile because at the time thereof the automobile was being operated and used by Theodore Zolla contrary to law as to age; that the ordinance of the City of Chicago was a competent ordinance and not in conflict with section 31 of the Motor Vehicles Act of 1919, Cahill's St. ch. 95a, ¶ 32, which provides that no person shall operate or drive a motor vehicle who is under 15 years of age, unless such person is accompanied by a duly licensed chauffeur or the owner of the motor vehicle being operated. Each of these propositions of law was refused by the court.

The briefs of the parties to this cause argue at length with numerous citations of authority the question as to whether the ordinance of the City of Chicago upon which the defendant relies is void as being inconsistent with section 31 of the Motor Vehicles Act. However, we do not understand that question to be necessary to a decision of the case. On the contrary, we think the controlling question on this record is whether it was the intention of the parties to the contract of insurance that the policy should cover accidents happening when the automobile was being driven by one of an age forbidden by ordinance of the municipality wherein the accident happened, although the driver was of an age at which he would be permitted to drive by statute of the State in which the policy was issued. In other words, the controlling question here is, What was the intention of the parties? In deciding that question it is of course proper to remember the nature of this policy; that it is an insurance contract prepared by an insurance company and therefore should be strictly

construed against that company. In *Abt v. National Surety Co.*, 230 Ill. App. 242, the court said:

"Contracts of insurance, where ambiguous or uncertain in meaning, are to be construed most strictly against the insurance company, but where there is no ambiguity in the terms of the insurance contract, neither party can be favored in its construction, and if the stipulations are such as the parties might lawfully make, it is the duty of the court to enforce them."

Applying this rule of construction, should the phrase in the policy, "contrary to law," be construed so as to include a municipal ordinance? The defendant cites a number of Illinois cases in each of which the validity of a certain ordinance was involved where the Supreme Court has said in substance that a valid ordinance of a municipality has the force of law within the municipality by which it is enacted. These cases do not give any assistance in answering the question arising upon this record. We assume the ordinance here considered is valid.

Defendant also cites *Royal Indemnity Co. v. Schwartz* (Tex. Civ. App.), 172 S. W. 581, where a somewhat similar question was raised. The court there stated that the stipulation in the policy protected the insurance company from liability if there was in fact a valid ordinance against boys under the age of 18 years operating an automobile on the streets. However, the ordinance was found to be in fact invalid; hence the statement was merely *obiter*. Further, it was not at all justified by the authority cited, namely, *Aetna Life Ins. Co. v. Tyler Box & Lumber Mfg. Co.* (Tex. Civ. App.), 149 S. W. 283. *Morrison v. Royal Indemnity Co.*, 180 App. Div. 709, 167 N. Y. Supp. 732, and *Wagoner v. Fidelity & Casualty Co.*, 215 App. Div. 170, 213 N. Y. Supp. 188, are also cited but are not in point, since in each of them the construction of the State statute rather than any municipal ordinance was involved.

The precise question, however, has been passed on in *Guenther v. United States Fidelity & Guaranty Co.*, in an opinion handed down November 17, 1927, by the United States District Court for the Northern District of Ohio, Eastern Division, and not yet reported. The court there stated that the question to be considered was:

" . . . whether the ordinance of Lakewood, where the accident occurred, is a law fixing an age limit, within the meaning of the condition above quoted, of the insurance policy."

The court further stated:

"In my opinion, a municipal ordinance is not a law within the proper interpretation and construction of said condition of the policy. No principle of law is better settled than that covenants and conditions in an insurance policy, exempting an insurer from liability, are to be strictly construed against the insurer. If the language of a covenant or condition exempting the insurer from liability is susceptible of two constructions or meanings, that will be adopted which is most favorable to the insured. The expression 'by law' is at least susceptible of two constructions. It may mean or be fully satisfied by limiting it to a law enacted by the Legislature of a State. Ordinarily, when one speaks of the 'law,' that is what is meant. One thus speaking, has in mind a rule of conduct of uniform and general application prescribed by the supreme law-making body of some sovereignty. Ordinarily, when one speaks of a law, one does not have in mind ordinances, by-laws, or regulations of a municipality."

We agree with the reasoning of that opinion, and as further pointed out therein we think if it had been the intention of the insurance company that the insured would understand the policy might become void when contrary to the provisions of any valid city ordinance, it would have so stated in the policy.

It is not unusual in these days for the owners to

make trips across the continent in automobiles. Of this the public generally has knowledge. It can hardly be supposed it was the intention of the parties that the contract of insurance should be made dependent for its validity upon the provisions of the different ordinances of the hundreds of municipalities through which the motor vehicle would probably be driven. As has been suggested, an insurance policy should not be construed in such a way as to make possible one interpretation by the insurance solicitor and another by the insurance adjuster.

For the reasons indicated the judgment of the trial court is affirmed.

*Affirmed.*

O'Connor, P. J., and McSurely, J., concur.