JULIA JONES, Plaintiff, *v.* AMERICAN EMPLOYERS INSURANCE COMPANY, Defendant.

Supreme Court, Schenectady County, August 7, 1931.

*James C. Cooper* [*Jacob M. Frankel* of counsel], for the plaintiff.
*Ainsworth & Sullivan,* for the defendant.

HEFFERNAN, J. On August 28, 1929, defendant entered into a contract of insurance with Bessie C. Eldred covering her automobile, by the terms of which defendant undertook to insure her against liability imposed by law on account of bodily injuries, including death, accidentally sustained by reason of the operation of such automobile. The policy contained a limitation of $5,000 to any one person. The insurance was subject to certain conditions, among others, the following:

" This policy shall not cover:

" a. When any of said automobiles are being (1) operated by any person contrary to law as to age."

For the purpose of this motion and in amplification of the pleadings the parties have stipulated that the policyholder had a son not quite seventeen years of age on December 15, 1929. This boy had a junior operator's license which had been duly issued to him by the Bureau of Motor Vehicles of this State pursuant to the provisions of section 20 of the Vehicle and Traffic Law. That license was issued subject to rules and regulations established by the Commissioner of Motor Vehicles. Among other regulations the license contained the following restrictions:

" RESTRICTED TERRITORY OF DRIVING

" Licensee may not drive or operate at any time within the limits of any City.

" RESTRICTION AS TO DRIVING UNACCOMPANIED

" Licensee may not drive or operate between the hours of one-half hour after sunset and one-half hour before sunrise unless

actually accompanied by his parent, guardian, or the person with whom he actually lives and resides, or the husband or wife of such guardian or person with whom he actually lives or resides."

On December 15, 1929, when the insurance was in full force and effect, Mrs. Eldred's son, with her knowledge and consent, was operating her car within the corporate limits of the city of Schenectady. He was not accompanied by his parent, guardian or the person with whom he actually lived and resided or by the husband or wife of such guardian or person with whom he lived and resided. While the automobile was being so operated, more than one-half hour after sunset, through the negligence of the operator, it collided with plaintiff as a result of which she sustained personal injuries. Thereafter she instituted an action against the mother and son and recovered a judgment against them for the sum of $10,541.92. The defendants in that action were insolvent and an execution issued against them was returned unsatisfied. Thereupon plaintiff instituted this action against defendant, pursuant to section 109 of the Insurance Law (as amd. by Laws of 1924, chap. 639), to recover the amount specified in its policy of insurance.

The insurer is defending upon the ground that there was a breach of a condition which vitiates the policy. In its answer it alleges as a complete defense that at the time plaintiff sustained her injuries the automobile was being operated in violation of the terms of its policy in that it was being illegally operated by Mrs. Eldred's son, a minor of the age of sixteen years, contrary to and not within the provisions of the Vehicle and Traffic Law and regulatory rules made by the Commissioner of Motor Vehicles pursuant thereto. Plaintiff has moved to strike out this defense as insufficient in law.

No question of waiver is involved in this case. The defendant is entitled to avail itself [of any defense in this action brought against it by a judgment creditor which it could have urged in defense of an action against it brought by the insured. (*Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51.)

It seems to me that the only question which this litigation presents is whether the car of the policyholder at the time plaintiff sustained her injuries was being " operated by any person contrary to law as to age." Plaintiff contends that defendant is liable and that in order to relieve it of responsibility here the court must read into the provisions of the policy not only the words, " contrary to law as to age," but also the words " contrary to law as to place." That reasoning is fallacious. There is no ambiguity in the policy language in this case. The insured car was not to be operated contrary to law as to age. To operate the car in a city and later than one-half hour after sunset it was mandatory that the operator

be eighteen years of age. No license to so operate could be granted to one under that age. (Vehicle & Traffic Law, § 20.) Unquestionably when the Legislature authorized junior licenses it had in mind the needs of those in rural communities. It recognized the necessity for the use of the family car by children between the ages of sixteen and eighteen in order to reach school and church and to assist in the performance of duties in connection with the management of the farm. It also recognized that the automobile is a dangerous instrumentality and prohibited its operation, in cities and after dark, unless accompanied, by those of tender years.

At the time and place of the accident out of which this action arose the driver of the car had no legal right to operate it. At that time and place he was an unlicensed operator because of his age. The insurance contract excluded coverage when the car was being operated contrary to law as to age. When the insured accepted the policy she did so subject to its unambiguous provisions. The operation of her car under the circumstances disclosed here was a violation of the provisions of her contract with defendant and consequently the defense sought to be stricken out is sufficient.

The motion is, therefore, denied.