Argued April 25; reversed May 15; rehearing denied
June 12, 1934

JOHNSON *v.* TRAVELERS' INSURANCE CO.

(32 P. (2d) 587)

*Frank C. Hesse,* of Astoria (Hesse & Franciscovich, of Astoria, on the brief), for appellant.

*Lamar Tooze,* of Portland (Jaureguy & Tooze and Cake & Cake, all of Portland, on the brief), for respondent.

CAMPBELL, J. Plaintiff carried an automobile liability indemnity insurance policy in the Travelers' Insurance Company, defendant herein. By this policy, defendant agreed ''to pay on behalf of Assured * * * all sums which the Assured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of bodily injuries,

including death, at any time resulting therefrom, by any persons or person during the policy period * * * caused by the operation, ownership or use" of the automobile covered by the policy. The policy does not cover liability for any injury occasioned by the use of such automobile while being driven " * * * by any person under the age fixed by law or under fourteen years in any event".

Plaintiff, with his family, resides in Clatsop county, about four miles southwesterly from the Lewis and Clark Junior high school. He has a daughter, Winifred Johnson, who on April 29, 1931, was 16 years and 9 months old, and duly licensed to drive an automobile. He has a son, Arthur Johnson, aged 15 years and 2 months on said date. Both of these children were registered students attending the said school. To reach the school it was necessary to travel over the public highway known as the Oregon Coast highway. As transportation to and from school, they used their father's automobile covered by the 'above mentioned policy, and ordinarily driven by Winifred. Arthur, with his father's consent, had frequently driven the same machine and had considerable experience as a driver but had not been licensed as a driver.

On April 29, 1931, both children attended the said school. Arthur drove the car on the way home at the request of Winifred who complained of feeling ill, she sitting with him in the front seat. On the way home, they encountered an auto bus, headed in the opposite direction and temporarily standing on the pavement on its right side of the highway, from which children were alighting on the side away from the pavement. As plaintiff's car was in the act of passing said bus, a little girl, Theresa Marie Doran, 9 years of age, ran out from behind the bus directly in the path of plain-

tiff's automobile and was struck by it and was so severely injured that she died about an hour thereafter.

An action for her death was brought by the administrator of her estate against plaintiff. The insurance company, defendant herein, was notified but refused to defend. The action resulted in a judgment for the administrator in the sum of $2,500. Plaintiff thereupon brought the instant action to recover the amount of said judgment which he had become obligated to pay. The defendant answered denying all liability on the ground that the exclusion clause, in the policy, above quoted, excluded any obligation on the part of the insurer when the car is being driven "by any person under the age limit fixed by law". The cause was tried to the court, without a jury, who entered judgment for defendant. Plaintiff appeals.

It is admitted that plaintiff performed all the terms and conditions of the policy on his part to be performed, in the way of notice of the accident and notice of the action brought against him for said death. It is also admitted that Arthur Johnson, at the time of the accident, was 15 years and 2 months old; therefore, the only question presented by this appeal is: Was Arthur Johnson under the age limit fixed by law?

The statute in effect relating to the licensing of automobile drivers, at the time of the accident, reads as follows:

"No person, * * * who is less than sixteen years of age or who is mentally incompetent or physically incapacitated, * * * shall operate or drive any motor vehicle on any highway of this state. No person * * * shall operate or drive a motor vehicle upon any highway in this state until and unless such person shall have issued to him an operator's license by the secretary of state. No such operator's license shall be issued to any person less than sixteen

years of age and who has not had at least five days' experience in the operation and driving of motor vehicles; provided, however, that any person over the age of fourteen years may make application to the secretary of state for a special permit to operate motor vehicles over the highways of this state as a means of transportation to and from any school * * *. Such application shall certify, in addition to the information required by section 21 of this act (§ 55-301, Oregon Code) that the applicant has no other available means of transportation by which he would be enabled to continue his education, and shall specify the road or highway over which it is desired to operate motor vehicles, and any other information the secretary of state may require. Said application shall be indorsed by the sheriff and the county judge of the county in which the applicant desires to operate motor vehicles and also by the chairman of the board of education of the district wherein it is desired to attend said school, * * *. Upon receipt of such application the secretary of state may, in his discretion and in such form as he may determine, issue a special license or permit to such person, if satisfied that such person has had sufficient experience in the operation of motor vehicles to enable him to operate the same without endangering the safety of the public. * * *." Oregon Code 1930, § 55-303.

The state of Connecticut had a statute fixing the age limit of drivers of automobiles at 18 years with a proviso: "Nothing herein contained shall prevent the operating of a motor vehicle by an unlicensed person sixteen years of age * * * if accompanied by a licensed operator." In *Brock v. Traveler's Ins. Co.,* 88 Conn. 308 (91 Atl. 279), a case in which the driver of the car involved was between 16 and 17 years of age, and was unaccompanied by a licensed operator, the policy contained an exclusion clause as follows: "This agreement shall not apply while any such auto-

mobile is driven  \*  \*  \*  by any person under the age fixed by law or under the age of sixteen in any event.'' The court held:

"The first part of this section, if taken by itself, in effect fixes the age at which a person may operate a motor vehicle at eighteen years; for it provides that none but a licensed operator may operate one, and that no person under the age of eighteen may obtain a license. But the statute is to be interpreted as a whole, and the last part provides in effect that any person above the age of sixteen years may operate such vehicle if accompanied by a licensed operator.  \*  \*  \*  The statute unquestionably fixes sixteen as the age under which a person may not in this state operate a motor vehicle upon the highways.''

The defendant in that case contended that:

"The words 'under the age fixed by law' in its policy are to be taken in their ordinary, popular sense, and that, so taken, they show that the parties to the policy 'intended that the insurer should not cover the operation of the car by a person too young to be licensed to operate a car alone, and yet who was so operating it.' We think that this reads something into the provision that the language taken in its ordinary sense does not import.  \*  \*  \*  The provision relates solely to the question of age, and not at all to the question whether the operator has complied with the other requirements of law.''

The same question was again before the Supreme Court of Connecticut in *Hudak v. Union Indemnity Company*, 108 Conn. 598 (143 Atl. 885), but the exclusion clause in the policy read that it did not ''cover while the auto is being driven by any person in violation of law as to age, or if there be no age limit, under the age of sixteen years.'' The court cites *Brock v. Traveler's Ins. Co.*, supra, with approval and distin-

guished the exclusion clause in that case from the clause under its consideration as follows:

"As we there pointed out, the proviso in that policy did not attempt to excuse the defendant from liability for losses incurred by the operation of the automobile contrary to the provisions of the statute. The proviso in the policy here involved does just that—it provides that the policy shall not cover while the car is being driven 'in violation of law as to age.'" Hudak v. Union Indemnity Company, supra.

"What, then, is the meaning of the language 'while operated by any person in violation of law as to age, or if there is no legal age limit, under the age of sixteen years.' The words 'if there is no legal age limit' make it clear that the provision was only intended to apply to a person who was prohibited by law from operating a car, solely because of his age. The law referred to must be one that fixes the age below which no person is permitted to drive. There is not a word to indicate that the parties were contracting with reference to the age at which a chauffeur's license might be procured. If appellant intended it to mean the age requisite for such a license it is quite clear that more appropriate language could readily have been selected." Bitzer v. Southern Surety Company, 245 Ill. App. 295.

Much reliance is place by respondent on *Millar v. Semler,* 137 Or. 610 (2 P. (2d) 233, 3 P. (2d) 987). That was an action for damages caused by defendant's automobile while being operated by his son who was under 16 years of age. It was held to be negligence *per se* for an owner of an automobile to permit it to be operated by a minor under the age of 16 years who did not come within the class that could obtain a special permit and who did not have such a permit, and, if by reason of such operation injury is inflicted on a person not in fault, the owner must respond in damages.

No person may obtain a driver's license, regardless of his age, if he is mentally incompetent or physically incapacitated.

"Provided, however, that any person over the age of fourteen years may make application to the secretary of state for a special permit to operate motor vehicles over the highways of this state as a means of transportation to and from any school." Oregon Code 1930, § 55-303.

Then follows the other conditions and requirements with which such applicant must comply. If he does comply with the other conditions and requirements, the secretary of state cannot refuse, solely on account of his age, to grant the special permit or license to drive.

The policy under consideration fixes the minimum age, under which the insurer will in no event assume liability, at 14 years. The parties in entering into this contract must have taken into consideration, at the time the policy was issued, the fact that the statute also fixed the minimum age at 14 years at which one might obtain a special permit to drive a motor vehicle. No mention is made of, nor is there any exclusion as to a special license or permit for transportation to and from school.

Respondent also relies on *Wagoner v. Fidelity and Casualty Company,* 215 App. Div. 170 (213 N. Y. S. 188). The New York law in effect at that time fixed the age limit of drivers at 18 years and permitted a person under that age to drive a car if accompanied by the owner or a duly licensed operator. The damage arose out of an accident while the car was being driven by a person under the age of 18 years unaccompanied by the owner or a duly licensed driver. It seems that the real question determined in that case was whether the above law was in effect at the time the accident happened.

"If the accident happened while this provision of the statute (the statute above stated) was in effect, the accident was not covered by the policy."

No reason was given why the court arrived at this conclusion. The remainder of the decision is confined to the discussion as to whether the above stated provision was in effect at the time of the accident. The construction adopted by the New York courts is not in accord with *Brock v. Traveler's Ins. Co.*, supra; *Hudak v. Union Indemnity Co.*, supra; *Mannheimer v. Kansas Casualty Co.*, 147 Minn. 350 (180 N. W. 229); and *Bitzer v. Southern Surety Co.*, supra. The decisions are not uniform but the weight of authority and the better reasoning are with the latter cases and more adaptive to the Oregon law. Here a license to drive may be actually issued to a boy over the age of 14 years for transportation to and from school, if he complies with the requirements of the statute. The point is fully briefed in a note to *Aetna Casualty and Surety Co. v. Etoch*, 174 Ark. 409 (295 S. W. 376, 72 A. L. R. 1068).

There is no dispute as to the amount plaintiff is obligated to pay, nor as to any of the other elements affecting plaintiff's right of recovery. The judgment will be reversed and the cause remanded with instructions to enter a judgment in favor of plaintiff for the amount prayed for in the complaint with his costs and disbursements. It is so ordered.

RAND, C. J., and BELT and ROSSMAN, JJ., concur.