**UNITED STATES GUARANTEE CO. v. SEFF et al. (WERY et al., Interveners).**

No. 8544.

Circuit Court of Appeals, Sixth Circuit.

March 6, 1941.

Wm. A. Kelly, of Akron, Ohio (Wm. A. Kelly and Wise, Roetzel & Maxon, all of Akron, Ohio, on the brief), for appellant.

Dwight K. Parsons and Carl M. Myers, both of Akron, Ohio (Buckingham, Doolittle & Thomas, of Akron, Ohio, ·on the brief), for appellees.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

Appellant, an insurer under an automobile liability policy, filed in the district court, pursuant to 28 U.S.C.A. § 400, a declaratory judgment suit, seeking relief from liability to defend two damage actions instituted in the Court of Common Pleas of Summit County, Ohio, by the respective interveners, Charles A. Wery and his wife Pearl Wery, against Harry H. Seff, appellant's assured, and Robert E. Seff, and from liability to indemnify Harry H. Seff from any loss, damage, or expense resultant from a collision between assured's automobile and Mrs. Pearl Wery which became the basis of the alleged causes of action of the interveners.

At the time of the accident, the automobile owned by the assured and listed in the policy was being operated by his minor stepson, Robert E. Seff, who was between 15 and 16 years old.

The following language of the exclusion clause of the insurance policy causes the controversy brought to us: "This policy does not apply * * * while the automobile is operated by any person under the age of fourteen years, or by any person in violation of any state, federal or provincial law as to age applicable to such person. * * *"

Admittedly, the boy-operator was over fourteen years old. As we see it, the sole question is whether in driving the car at the time of the accident he was violating any applicable "law as to age."

The Ohio Drivers' License Law in General Code Section 6296-26 provides: "It shall be unlawful for any person to cause or knowingly permit any minor under the age of eighteen years· to drive a motor vehicle upon a highway as an operator, unless such minor shall have first obtained

a license or permit to so drive a motor vehicle under the provisions of this act."

By a previous section, no chauffeur's license is permitted to be issued to a person under eighteen years of age. Section 6296-7.

Prior to the accident, a *temporary instruction permit* had been issued to the youngster, Robert E. Seff, on the application of his mother. The issuance of such permit was, under Ohio law, discretionary with the registrar or deputy registrar and entitled "the applicant, while having such permit in his immediate possession, to drive a motor vehicle upon the highways when accompanied by a licensed operator or chauffeur who is actually occupying a seat beside the driver." Ohio, General Code, Section 6296-8.

When the collision occurred, young Seff was unquestionably violating this statute, for he was not accompanied by a licensed operator but by another boy who had no chauffeur's license. It is all important to observe, however, that the Ohio statute with respect to the issuance of a temporary instruction permit is in nowise conditioned upon the age of the applicant. In terms, the statute applies to "any person." It is a law of general applicability and not a law limited to persons of any particular age.

In our judgment, the district court reached the correct conclusion that "the violation of the terms of the temporary instruction permit by Robert E. Seff did not constitute a violation of a state law as to age applicable to the driver of the car within the meaning of the exclusion clause of the policy."

█ We agree, also, with the conclusion below that no provision is found in the Ohio Drivers' License Law, General Code Sections 6296-1 to 6296-38, which makes it unlawful solely on account of age, for any person under sixteen years of age to drive an automobile on the state highways. Accordingly, we find on this record no violation of a "law as to age" essential to the release of appellant as insurer from coverage of the Wery collision under the terms of its policy issued to Harry H. Seff.

No pertinent authority from Ohio is brought forward. Appellant cites two cases from other states, where the statutes involved were child labor statutes unequivocally conditioned upon violation of laws as to age. Miller Mfg. Co. v. Aetna Life Insurance Co., 150 Va. 495, 143 S.E. 747;

Fulton Company v. Massachusetts Bonding & Insurance Co., 138 Tenn. 278, 197 S.W. 866.

In Frank Unnewehr Company v. Standard Life & Accident Insurance Company, 6 Cir., 176 F. 16, 18, the Ohio statute under which the insurer was discharged from liability was a clear-cut law as to age: "No child under the age of sixteen years shall be employed by any person, firm or corporation in this state, at employment whereby its life or limb is endangered, or its health is likely to be injured, or its morals may be depraved by such employment."

Likewise, the decisions involving drivers' license laws of several states are to be distinguished from the instant case, in that those statutes plainly applied only to minors of various ages while the Ohio statute under construction applies to everybody. Witzko v. Koenig, 224 Wis. 674, 272 N.W. 864; Shedd v. Automobile Ins. Co. of Hartford, 208 Ind. 621, 196 N.E. 227; Hudak v. Union Indemnity Co., 108 Conn. 598, 143 A. 885.

Comparison of the Connecticut statute construed in the last listed case with the Ohio statute with which we are concerned leads to rejection of appellant's urgent argument of similarity. Nor do we find that the New York and other authorities relied upon by appellant are applicable here, for the reason that all the cases cited dealt with true "laws as to age." Morrison v. Royal Indemnity Co., 180 App.Div. 709, 167 N.Y.S. 732; Wagoner v. Fidelity & Casualty Co., 215 App.Div. 170, 213 N.Y. S. 188; Jones v. American Employers Ins. Co., 141 Misc. 88, 252 N.Y.S. 250; United States F. & G. Co. v. Guenther, 281 U.S. 34, 50 S.Ct. 165, 74 L.Ed. 683, 72 A.L.R. 1064; Maryland Casualty Co. v. Friedman, 8 Cir., 45 F.2d 369; Phillips v. New Amsterdam Casualty Co., 193 La. 314, 190 So. 565.

█ Two New York Court of Appeals decisions seem to gainsay the strained construction for which appellant contends. Taylor v. United States Casualty Co., 269 N.Y. 360, 199 N.E. 620, 115 A.L.R. 822; Smith v. American Automobile Fire Insurance Co., 274 N.Y. 626, 10 N.E.2d 583. But authorities in casebooks are not signposts here. The plain language of the Ohio statute must govern. That statute, Section 6296-8, supra, contains no express or implied limitation as to the age of an applicant to whom a temporary instruction permit may be issued. It follows that a

violation of the statute is not a violation of a law as to age, within the meaning of the policy clause under interpretation.

In our view, it is unnecessary to consider the legal effect of the alleged waiver of the controverted clause by an agent of the insurer, although the district court sustained the contention of the appellees upon the point.

Our mandate will affirm the judgment of the district court in favor of appellees, for the reason that, at the time of the accident, assured's automobile was not being operated in violation of any applicable state, federal, or provincial law as to age of the driver.