Delaney vs. Hartwig.

DELANEY, Respondent, vs. HARTWIG, Garnishee, Appellant.

*October 26 — November 8, 1895.*

*Garnishment: Issue, how tried: Special verdict: New trial: Jurors and attorneys.*

1. The issue in garnishment as to the indebtedness of the garnishee to the principal defendant is triable by the court.
2. Special questions submitted for an advisory verdict, as to whether the garnishee was indebted to the principal defendant at the time the garnishee summons was served, and, if so, in what amount, are *held* to have covered all the issues, and the refusal to submit other questions was not error.
3. The fact that one of the jurors and one of plaintiff's attorneys were together a short time during the trial having been satisfactorily explained by affidavits, there was no error in refusing to discharge the jury or set aside the verdict on that ground.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Affirmed.*

Garnishment. The facts sufficiently appear in the opinion. There was a judgment in favor of the plaintiff and against the garnishee, from which the latter appeals.

*John A. Kelly,* for the appellant, contended, *inter alia,* that in this action the plaintiff seeks to recover of the garnishee wages claimed to have been earned by the principal defendant, and the issue was an issue of fact for the recovery of money only, and although commenced by garnishment is, in its nature, an action at law. The issue should be tried as in ordinary actions at law, and either party may demand a trial by jury. S. & B. Ann. Stats. sec. 2842; Const. art. I, sec. 5; 8 Am. & Eng. Ency. of Law, 1102, 1103, 1232, and notes; *Beck v. Cole,* 16 Wis. 95; *Adams v. Filer,* 7 id. 306; *Platt v. Sauk Co. Bank,* 17 id. 222; *Vincent v. Wellington,* 18 id. 159. The verdict should have been set aside on account of the misconduct of one of the jurors and the plaintiff's attorney. 3 Wait, Pr. 187; Estee, Pl. (3d ed.),

§ 4871; 12 Am. & Eng. Ency. of Law, 372 (note 3), 373; *Ensign v. Harney*, 15 Neb. 330; 2 Thompson, Trials, §§ 2564, 2617; *Roman v. State*, 41 Wis. 312; *Jackson v. Smith*, 21 id. 26; *State v. Hartmann*, 46 id. 249.

For the respondent there was a brief by *Rogan & Fleming*, and oral argument by *A. B. Rogan*. To the point that a garnishment proceeding is equitable and can be tried by the court, they cited *Fraedrich v. Flieth*, 64 Wis. 184; *Steen v. Norton*, 45 id. 412; *Wells v. Am. Exp. Co.* 55 id. 23; *Bates v. C., M. & St. P. R. Co.* 60 id. 301; *Adams v. Filer*, 7 id. 306; *Platt v. Sauk Co. Bank*, 17 id. 222.

MARSHALL, J. The issue in this case was whether *Gottlieb Hartwig*, garnishee defendant, was indebted to William Bickler, defendant in the principal action, at the time of the service of the garnishee process. The appellant demanded a jury trial, and, while the court held that the issue was not for trial by a jury as a matter of right, he submitted the same to a jury as in an equitable action, stating that their verdict would be deemed advisory only. To this appellant excepted.

The following questions were submitted: "(1) Was *Gottlieb Hartwig*, the garnishee in this case, on March 31, 1894, the time of the service herein of the garnishee summons, indebted to said William Bickler? (2) If you answer the foregoing question 'Yes,' what was the amount of such indebtedness?" The jury answered the first question, "Yes;" and the second, "Sixty-five dollars ($65)." Appellant asked the submission of several other questions, which was refused and exception taken.

Fourteen errors are assigned and all have been considered, but only such will be referred to here as are urged in the printed argument.

1. In respect to the correctness of the ruling of the trial court that the issue was equitable, *La Crosse Nat. Bank v.*

Delaney vs. Hartwig.

*Wilson,* 74 Wis. 391, is decisive. What was there said exactly fits this case, as follows: "The garnishment in this case was to reach unleviable assets. We do not understand that in such case the party was, prior to the constitution, entitled to a jury trial as a matter of right. On the contrary, the remedy in such cases at that time was by creditors' bill or proceedings in the nature of a creditors' bill, and essentially equitable. The mere fact that the same object is now secured by a more direct and simple proceeding given by statute does not change the relation of the parties or the essential nature of the remedy which formerly existed. This is not an issue of fact in an action for the recovery of money only or of specific real or personal property, within the meaning of the statute. R. S. sec. 2843."

2. The special questions submitted covered all the issues, and gave the appellant at the same time all the benefits of a general verdict. No error is discoverable either in the form of questions or in the rejection of those submitted by appellant.

3. One of the jurors and one of plaintiff's attorneys were together a short time during the trial, and the court was requested to discharge the jury or to set aside the verdict on that ground, and its refusal to do so is assigned as error. The circumstance of the juror and attorney being together was most satisfactorily explained by sworn affidavits presented to the trial court. The ruling of the court was correct.

The record appears to be free from error, and it follows that the judgment appealed from should be affirmed.

*By the Court.*— Judgment affirmed.