GIOVANNI BASSI v. TONY BASSI.
BELT AUTOMOBILE INDEMNITY ASSOCIATION, GARNISHEE.[1]

November 13, 1925.

No. 24,837.

**Garnishee, automobile insurance company, discharged by insured's violation of conditions of policy.**
1. The evidence for respondent, summarized in the opinion, sustains the finding that defendant violated the conditions of the policy of public liability automobile insurance, issued to him by the garnishee, to such an extent as to discharge the latter.

**No right to jury trial of issue between judgment creditor and garnishee.**
2. The issue between a judgment creditor and a garnishee, as to whether the latter is under any liability to the judgment debtor which can be subject to garnishment, arises under a statutory proceeding which is equitable in nature. In consequence, there is no constitutional right to trial by jury.

1. See Motor Vehicles, 28 Cyc. p. 50 (Anno).
2. See Garnishment, 28 C. J. p. 316, § 475.

Action in the district court for Ramsey county to recover for personal injuries. At the conclusion of the garnishee disclosure the court, Bechhoefer, J., discharged the jury and ordered judgment in

[1]Reported in 205 N. W. 947.

favor of the garnishee. Plaintiff appealed from the judgment. Affirmed.

*Fred Ossanna, Jay W. Smith & G. E. McCune,* for appellant.

*Orr, Stark & Kidder,* for respondent garnishee.

STONE, J. ·

Action for personal injuries wherein, judgment for plaintiff remaining unsatisfied, the plaintiff garnisheed the Belt Automobile Indemnity Association, the insurer of defendant under a policy of public liability automobile insurance. On the issue joined between plaintiff and the garnishee, the latter defended on the ground that it had been discharged from liability because of defendant's violation of the contract of insurance by refusing to give the garnishee information and to co-operate with it in the defense. In fact, the garnishee charges that defendant, conspiring with plaintiff, attempted to fix liability upon it notwithstanding that the accident in question was such as not to result in such liability. Upon the issues so joined between plaintiff and garnishee, there was a trial which began before a jury. However, the learned trial judge, at the conclusion of the trial, discharged the jury and decided the case in favor of the garnishee. Plaintiff appeals from the resulting judgment.

Plaintiff and defendant are brothers. Plaintiff and two others were riding with defendant in his automobile at the time of the accident which resulted in the injury to plaintiff out of which this action arose. Mr. Bellotti, one of the other passengers, was also injured. The original statements made to the garnishee's adjuster by both plaintiff and defendant were unequivocally to the effect that, without any negligence on the part of the defendant, his automobile was run into from behind by another machine. The garnishee was not advised otherwise until, upon the trial of the main action, the defense of which the garnishee assumed and conducted pursuant to its contract, the evidence for plaintiff was that defendant was racing his car with another and was forced into the ditch, his negligence being thereby put beyond controversy. For the defense, when it

was proposed to call defendant himself, counsel for the garnishee were assured that his testimony would not follow at all the story of the accident theretofore given by him to the garnishee and up to that moment maintained, but on the contrary would corroborate that of plaintiff. Naturally and for good reason, he was not put upon the stand. His testimony would have but made more certain the verdict against defendant.

There is ample evidence to sustain the finding of defendant's failure to comply with the contract of insurance, to the effect that he refused to aid the garnishee in defending the action, wilfully misinformed it concerning essential facts and was engaged in assisting plaintiff in an attempt to defraud the garnishee by refusing to testify "to the real facts" of the accident. In that situation, we are not permitted to disturb the result.

The argument for plaintiff naturally is based upon the evidence on that side of the case. It ignores too much the strong counter proof for the garnishee. We are not at liberty to be so oblivious of the latter, especially now that it has been found true by the trier of fact. We have examined the record, with the aid of the argument for plaintiff and, for the reasons indicated, cannot adopt the latter.

There is nothing in the other assignments of error which would justify a reversal. One of them is predicated upon the refusal to submit the case to the jury. Upon such issues as those now under consideration, between a judgment creditor and garnishee, there is no right of trial by jury. That is settled law here and elsewhere. Weibeler v. Ford, 61 Minn. 398, 63 N. W. 1075; Huntington v. Bishop, 5 Vt. 186; La Crosse Nat. Bank v. Wilson, 74 Wis. 391, 43 N. W. 153, Delaney v. Hartwig, 91 Wis. 412, 64 N. W. 1035. The reason is that the proceeding against the garnishee is statutory, in the nature of a creditor's bill to reach assets of the defendant, and so not a suit at law wherein the right to trial by jury is guaranteed by section 4 of article I of the Constitution of the state. The argument for appellant on this point seems to assume that the mere presence of an issue of fact makes the case one for a jury. That is not the law. The facts *must* be tried by a jury only in those

causes the nature of which makes them jury cases under the Constitution of the state. Hawley v. Wallace, 137 Minn. 183 (187), 163 N. W. 127.

Another point for plaintiff is that the garnishee is estopped from asserting a breach of the contract of insurance by defendant or, if there was such a breach, that it has been waived. We have examined the argument addressed to that proposition and the evidence upon which it is based. The latter wholly fails to sustain the propositions so advanced.

Judgment affirmed.