STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY OF BLOOMINGTON, ILLINOIS *v.* PHILLIPS.

[No. 26,677. Filed July 3, 1936. Rehearing denied October 21, 1936.]

562

*Smith, Rees & Smith* and *Ketch & Ketch,* for appellant.

*McKesson & Kizer,* for appellee.

TREMAIN, J.—The appellee filed this action against the appellant, State Farm Mutual Automobile Insurance Company, upon a policy of insurance issued by appellant to appellee, insuring him against losses and claims growing out of accidents and injuries sustained in the operation of his automobile. A copy of the insurance policy is filed with and made part of the complaint.

It is alleged in the complaint that on September 1, 1930, the appellee, together with Daisy Bunch and Helen Bunch, was riding in appellee's automobile, and while so riding the automobile was in a collision with a train; that as a result of said collision Daisy Bunch sustained serious injuries; that pursuant to the terms of the policy of insurance, the appellee immediately notified the appellant, and its representative made an investigation of the accident. In making such investigation, the written statements of appellee, Daisy, and Helen Bunch were given to the investigator. In these statements it was made to appear that the accident was caused and the injury sustained by reason of negligence of the railroad company in operating its train. No negligence upon the part of appellee was shown in these statements.

Afterwards, December 16, 1930, Daisy Bunch filed an action against appellee for damages on account of injuries sustained. Appellee immediately notified appel-

lant of the filing of said action. Appellant, pursuant to the terms of the policy, appeared and made defense in the name of the appellee. The cause was submitted to a jury for trial in the month of June, 1931. After all the evidence had been introduced, but before argument, Daisy Bunch, through her attorneys, asked leave of court to amend her complaint by interlining these words:

"And plaintiff was then and there so riding in defendant's (appellee's) automobile as an employee of defendant (appellee)."

The motion was sustained and thereupon the appellee herein, defendant therein, asked that the submission of the cause to jury be set aside and the cause continued, on account of the changed issue in the case. This was done.

Thereafter, on September 9, 1931, Daisy Bunch filed an amended complaint against the appellee in which she alleged that at the time of the accident she was in the employ of the appellee. Thereupon, the appellant herein, through its attorneys, between September 15 and 25, 1931, notified appellee that it could not be held to respond in damages for the injury sustained by Daisy Bunch for the reason that by the terms of Clause E of the policy of insurance, it was liable only for damages "suffered or alleged to have been suffered by any person, other than the Assured or those in his household, service or employment."

The complaint of appellee against appellant not only set out in full a copy of the insurance policy, but contained full and complete copies of the complaints of Daisy Bunch against the appellee. The policy of insurance provided that when any claim is made against the assured on account of any accident, he should give notice thereof, with full particulars, and at all time render service to, co-operate with, and assist the company in

making a defense to such claim. If suit was brought against insured, it became his duty to forward the summons to the company immediately, or any other process served upon him, and the company agreed at its own expense to defend such suit in the name and on behalf of the assured. The assured agreed to aid in effecting settlement, securing information and evidence, and attendance of witnesses, and to not voluntarily assume any liability, settle any claim, interfere in any settlement or legal proceedings, or incur any expense, except at his own cost, without the written consent of the company.

The theory of the appellee's complaint is that by reason of the fact that appellant undertook the defense of the action as provided by the terms of the policy, it thereby is estopped from denying liability.

Appellee alleged that Daisy Bunch recovered judgment against him in the sum of $1,100 and costs; that by reason thereof, and the facts alleged in his complaint, the appellant is liable therefor. The appellant filed a demurrer to the complaint, which contained a memoranda full and complete enough to present the questions as to the sufficiency of the complaint to state a cause of action against appellant, and as to whether or not there had been a waiver by the appellant of its liability to the appellee. Also, as to whether or not the appellant had estopped itself to defend against appellee's action. The demurrer was overruled by the court.

Appellant filed an answer in general denial and an affirmative answer, in which it fully pleaded the fact that Daisy Bunch filed her action against appellee upon the theory that she was a guest in the automobile at the time of the accident, and thereafter amended her complaint by alleging that she was an employee in his service; that upon learning that fact, appellant immediately notified appellee that it would not consider itself

liable if Daisy Bunch recovered from him upon the theory that she was an employee; that appellant was willing to continue to conduct the defense for appellee in that case if appellee so desired, otherwise it would withdraw from the case; that appellee directed appellant to continue the defense in co-operation with attorneys employed by appellee at the time the Bunch suit was filed against him. Appellant alleged in its answer that by reason of Clause E of the policy it was required to defend actions filed against the insured. As soon as the appellant learned that Daisy Bunch claimed that she was an employee of the appellee, it notified appellee that it would withdraw from the case and deny liability in the event Daisy Bunch recovered damages as an employee.

The cause was submitted to the jury for trial upon the complaint, the answer in general denial, and the affirmative answer, to which appellee filed a reply in denial. A verdict in favor of the appellee was returned by the jury upon which the court rendered judgment in the sum of $1,248.35. The appellant has assigned as errors in this court the overruling of appellant's demurrer to appellee's complaint and the overruling of its motion for a new trial.

The principal question involved in this appeal is whether or not, as a matter of law, the appellant waived the benefits of Clause E of the insurance policy by its appearance and undertaking upon behalf of appellee to defend the action against him by Daisy Bunch. If appellant's conduct constituted a waiver or an estoppel, the cause must be affirmed, otherwise it must be reversed.

It is the position of the appellee that by assuming the defense in the action of Daisy Bunch, the appellant waived its right to deny liability under the terms of the insurance policy, and is estopped to deny such liability.

As an authority for such assertion, the appellee relies chiefly upon the cases of *Patterson* v. *Adan* (1912), 119 Minn. 308, 138 N. W. 281, 48 L. R. A. (N. S.) 184, and *Oehme* v. *Johnson* (1930), 181 Minn. 138, 231 N. W. 817, 81 A. L. R. 1308.

The Patterson case, *supra,* was based upon a policy of insurance issued to indemnify the assured against loss resulting from an automobile accident. The policy indemnified the assured against loss for damages on account of bodily injury and death suffered by any person by reason of the maintenance and use of the assured's automobile. The company agreed to investigate all accidents upon notice, and to make all negotiations for settlement of any resulting claim. It agreed, in the name of the assured, to defend all suits even though the "demands are wholly groundless, false, or fraudulent," to provide appeal bonds, pay all costs in any legal proceeding defended by the company, and all expenses incurred in investigation, negotiation, or defense. Its liability was limited in one respect only, and that was as to the amount of the liability. After a judgment was rendered against the assured in the sum of $5,000.00, it appears that he was wholly insolvent. Thereupon, the judgment creditor filed garnishment proceedings against the insurance company to collect the judgment.

It was held under that policy that the company was liable. The language used by that court, upon which the appellee herein particularly relies, is the following:

"By undertaking the defense, the company elected to treat plaintiff's cause of action, if he had any, as covered by its contract."

It will be noted that the policy sued upon in the Patterson case is more comprehensive than the policy sued upon in the instant case There appears to be no limitation or reservation in favor of the insurance company, except that it would be liable for the sum of $5,000 only

in any one case. Otherwise, it was the duty of the company to defend and satisfy all actions filed against the assured, however unjust or wrongful such actions may be.

*Oehme* v. *Johnson, supra,* is another Minnesota case much like the Patterson case, embracing and involving liability upon an automobile insurance policy. The damages demanded in that case consisted of four separate items, two of which appear to be covered by the policy, and the other two not to be so covered. The insurance company undertook the defense with full knowledge of the nature of the claim made by the injured person. It assumed and conducted the defense knowing full well the terms of its policy and the demands made by the plaintiff. It made no objections, reserved no right, and denied no liability until after judgment had been rendered. It was held that by reason of the fact that the company had conducted the defense until after judgment, it thereby either waived its right, or was estopped to claim any benefit which it may have had under the terms of its policy.

This case may be distinguished from the case at bar by the fact that the insurance company, knowing the facts, assumed the defense without reservation, and did not make known to the insured that it denied any liability until after final judgment.

Some language used in both the Patterson and Oehme cases is rather strong and forceful, but when the facts upon which such language is based are examined, it will be seen readily that they are distinguishable from the facts involved in this appeal.

There are many decisions in which it is held that where an insurance company defends an action, and keeps control and dominion over it until judgment is rendered, without notice to the insured that it does not consider itself liable under the policy, it is estopped to

deny its liability after the action is at an end, but no estoppel arises where, although defending the suit against the insured, it insists on its non-liability under the policy, and its defense of the suit is merely to protect itself and comply with its agreement.

It was held in *S. & E. Motor Hire Corporation* v. *New York Indemnity Company* (1930), 255 N. Y. 69, 174 N. E. 65, 81 A. L. R. 1318, that an automobile liability insurer does not, as a matter of law, waive the benefit of a clause excluding from the coverage of the policy an accident which occurred while the automobile was operated by a person in violation of law as to age, by undertaking to defend a suit arising out of such accident, the assured having furnished the insurer, with an affidavit from the operator stating that he was of legal age, and where the insurer abandoned the defense upon being informed by counsel for the injured person that the operator was under age, when the case was called for trial.

In that case the insurance company agreed to indemnify the insured against loss from liability imposed by law on account of bodily injuries sustained by reason of the operation of the automobile, and to defend such claims in the name of the assured. It was expressly stipulated in the policy that the company would not be liable if the automobile was operated by a person in violation of law as to age. The statement furnished to the insurer's investigator by the insured, and by the operator of the automobile, stated that the operator was more than eighteen years of age. Upon that statement the insurance company undertook to make the defense. The trial court held that under those circumstances the insurance company, by undertaking the defense of the suit, did not waive its right to limit its contractual obligation in accordance with the terms of the policy, for

at that time it had no knowledge of the fact that the chauffeur was under eighteen years of age.

The Appellate Division reversed the decision and held as a matter of law that, even if the insurance company did not have actual knowledge of the chauffeur's age, it did have knowledge sufficient to put it on inquiry as to the chauffeur's true age. In passing upon the question, the Court of Appeals stated that it may assume, when the insurance company undertook the defense, it had notice of facts sufficient to arouse suspicion that the chauffeur might be under the lawful age. The insured furnished the insurance company with a statement that the chauffeur was eighteen years of age. The chauffeur stated to the investigator that he was twenty years of age. The court, upon these facts, stated:

"The company accepted that statement and acted upon it until further information, received on the day the case was called for trial, showed its falsity. Perhaps even while acting upon it the insurance company may have harbored suspicions of its falsity. Even then the question remains whether as matter of law it was bound to reject the statement furnished by the defendant and the subsequent statement made to it by the chauffeur, or at least to make further inquiries, before it acted upon them. . . .

" 'Ordinarily, the rule is stated that one will not be held to have waived his rights unless it is shown that he has done so, with a full knowledge of the facts, but precision requires the qualification "or where it was his bounden duty to know them." ' "

The court further said:

"So, here, the insurance company was bound by the policy to defend any suit for injuries caused by the automobile of the insured, unless the accident occurred when the automobile was being operated 'by any person in violation of law as to age.' When the insurance company was called upon to defend the action which was brought against the assured, it was not bound to inquire whether the law was violated before it undertook the defense. Especially

where the assured furnished the insurance company with an affidavit from the operator stating that he was eighteen years of age the insurance company might rely upon the information received and that the assured had not employed a chauffeur under the lawful age. Suspicion that the information given it might be untrue would perhaps be sufficient notice to require further inquiry if the insurance company were asserting rights against the assured based on ignorance of the true facts. Here the assured must show that the insurer has waived its rights, stipulated in the policy, by failure to assert them earlier."

It is held that the insurance company had not waived its rights by undertaking to and making the defense for the assured in the suit for damages.

The facts there involved are much like the facts involved in this appeal. The appellant did not know that Daisy Bunch was an employee or claimed to be an employee of the appellee until she asked to amend her complaint at the end of all the evidence in the trial in June, 1931. A continuance was granted and she actually filed an amended complaint in September, 1931, charging that she was an employee of appellee. Within a few days thereafter the appellant served notice by oral statement and in writing that it disclaimed any liability whatever in the event it was determined that Daisy Bunch was an employee of the appellee. It proposed to the appellee that it withdraw from the case, but appellee asked the appellant's attorneys to continue with and assist in the defense, which it did. The fact as to the notice is not disputed.

Under all the facts, there appears to be no reason for the appellant to believe that Daisy Bunch was an employee of the appellee until she proposed to amend her complaint. The appellant notified the appellee as to its rights under the insurance policy, and offered to withdraw its appearance and participation in the trial more than a month before the trial was actually had and

judgment rendered. This distinguishes the case from many cases found in the books wherein the right of the insurance company was not asserted until after judgment had been rendered. It was the duty of the insurance company to defend the action under the terms of its policy. Likewise it was the duty of the appellee to permit the appellant to make the defense, since the policy expressly provided, as a part of the consideration, that the appellee would not undertake to make settlement himself, but would render to the appellant all assistance possible in making a defense to any action filed. Under the original complaint it was the duty of appellant to defend the action filed by Daisy Bunch.

The case of *Morrison* v. *Royal Indemnity Co.* (1917), 180 App. Div. 709, 167 N. Y. Supp. 732, was an action upon an automobile insurance liability policy. The defense was made by the company. It developed at the conclusion of all of the evidence in the trial of the case that the driver of the car was under lawful age. This information came to the attorneys of the insurance company only one hour before the case was submitted to the jury. However, at that stage, the attorneys made arguments to the jury in behalf of the defendant and concluded the case. It did not notify the insured of its intention to deny liability until six days after judgment. It was contended that the insurance company, by its conduct, had waived its right to disclaim liability, but the court held it would not have been proper for counsel to have withdrawn appearance at the stage of the proceedings when the information was furnished to it, and that by continuing the defense under the circumstances there involved, it did not thereby waive its right to disclaim liability under the policy. Also see: *Goldberg* v. *Preferred Acc. Ins. Co. of N. Y.* (1932) (Mass.), 181 N. E. 235; *Frank Knauss, Inc.* v. *Indemnity Ins. Co. of North America* (1936) (N. Y.), 200 N. E. 791.

If the appellant had made the defense for the appellee in the Bunch case with full knowledge that the appellee was an employee of the appellant, a different question would be presented. But, as the undisputed evidence shows, the appellant gave written notice, heretofore mentioned, to the appellee within a short time after the amended complaint was filed charging that Daisy Bunch was an employee of the appellee, and more than a month before the actual trial. Appellant's attorneys further notified the appellee that in the event they continued to make the defense for him, they would file interrogatories to be answered by the jury, specifically upon the question of whether Daisy Bunch, at the time she sustained the injuries, was an employee of the appellee or his guest.

Two firms of attorneys appeared for the appellee. One firm was retained by appellee and the other firm was retained by the appellant, however, appellant paid the fees to both firms. The attorneys retained by the appellee likewise had full notice of the position taken by the appellant that it would not be liable to answer, under the terms of the policy, in damages in the event Daisy Bunch was held to be an employee of the appellee.

From all the facts and circumstances it is clear, as a matter of law, that appellant is not liable to respond in damages to the appellee on account of the judgment against him by his employee. The fact that Daisy Bunch was an employee of the appellee cannot be denied for the reason that a general finding in her favor upon her complaint charging that she was an employee would be conclusive upon that subject, even if the jury had not answered interrogatories affirmatively stating that she was such employee. The appellant did not waive its rights under the terms of the policy. To constitute a waiver, it must be an intentional relinquishment of the

right, which ordinarily must be predicated on full knowledge of all the facts.

The verdict of the jury is not sustained by sufficient evidence and is contrary to law.

Judgment is reversed.