## J. BERKMAN IRON & METAL CO. v. STRIANO et al.

### Civ. No. 2224.

United States District Court
D. Minnesota, Third Division.

March 30, 1953.

Stacker & Stacker, by Thomas J. Burke, St. Paul, Minn., for plaintiff.

Robb, Robb and Van Eps, by Maugridge S. Robb, Minneapolis, Minn., for defendant Bituminous Casualty Corporation.

DONOVAN, District Judge.

This is an action for declaratory judgment. The facts briefly stated are that the J. Berkman Company, plaintiff, hereinafter referred to as Berkman, was insured by the defendant Bituminous Casualty Corporation, hereinafter referred to as Bituminous,

under a liability insurance policy against accidents resulting from the negligence of the plaintiff. The policy limits were $10,000 and contained the standard provisions for defense of actions, payment of interest on judgments and cooperation by the insured.

During the lifetime of the policy, an accident occurred on the plaintiff's property wherein one Haugen sustained personal injuries. Action was commenced and the defense undertaken by the defendant Bituminous.[1] The action was tried upon its merits on January 10, 1952, and ended in a verdict on January 21, 1952, of $50,000 in favor of Haugen against the Berkman Company alone. Subsequently (the date is in dispute) Bituminous denied its liability under the policy, alleging violation of the "cooperation" clause by the plaintiff.

The present action for declaratory judgment was then commenced in Ramsey County District Court and was removed to this Court by Bituminous. Defendants Striano and Haugen are no longer parties to this action, and the issue of liability is between Berkman and Bituminous.

The facts upon which the question of violation is raised are for the most part undisputed. The personal injury occurred as a result of a collision on the property of the plaintiff between a Berkman truck (driven by Striano) and a railroad car. Of paramount importance to the result of the case was whether or not the Berkman car had any brakes.

The defendant insurance company, in accordance with the terms of the policy, undertook the defense of the case and, in conjunction with Berkman's counsel, conducted pre-trial investigations during which time an officer of the Berkman Company named Polansky (who had been assigned by Berkman to cooperate with counsel on preparing a defense) misrepresented material facts as to the brakes, and assured counsel that they had been fixed prior to the accident and that

there were company records to establish that fact. Assurances along the same line, generally, were given by Mr. Berkman, president of the plaintiff company.

The case proceeded to trial, in the course of which it became necessary for Bituminous to rebut testimony that the Berkman car had no brakes. At this point the alleged breach of contract took place, when witness Polansky and another witness gave testimony that the brakes had been repaired prior to the accident and forged documentary evidence (consisting of forged receipts and time-sheets) was produced to that effect. The forgery was cleverly done and escaped the observant eyes of all counsel when the documents were offered in evidence. The fabrication was discovered by one of the jurors, and subsequently the facts were established that the documentary evidence had been forged and that the witness Polansky and the other witness had perjured themselves. That this turn of events was damaging to the defense of the case is not disputed.

These facts are in substance the grounds upon which the cooperation clause is alleged to have been violated, and upon which Bituminous seeks to avoid liability.[2] It is readily admitted that none of counsel knew nor are they charged with knowledge of the perjury or forgery until its discovery.

Plaintiff contends:

(1) that Polansky exceeded the scope of his agency and that therefore the company was not bound by his acts, and

(2) that the defendant Bituminous, if there had been a breach, waived it by subsequent conduct.

 Of the two issues raised, namely agency and waiver, only the latter merits serious consideration. Suffice it to say that counsel for plaintiff cites no authority, nor does he seriously argue the question of agency. That the acts of the officer are at-

---

1. For the excess of $10,000 plaintiff Berkman retained its own counsel who were present during the investigation and trial of the case. Bituminous's counsel, however, was the dominating party preparing and presenting the defense.

2. The question of breach is not before this Court, but that such "over-cooperation" constitutes a breach of the cooperation clause has been well settled.

tributable to the corporation is well established.

As to waiver, the issue is whether the subsequent acts of counsel for Bituminous in making the appropriate motions following the close of the testimony, arguing the case to the jury, preserving the record and making a formal notice of no liability a day or two after the trial, constituted a waiver so as to estop the defendant Bituminous from now denying liability.

■ After having considered the points and authorities presented by opposing able counsel, the Court is convinced there was no waiver on the part of Bituminous. The evidence shows that during the noon recess (following the discovery of the possible forgery) counsel for Bituminous at least suggested to Berkman's counsel that such developments might constitute a defense against policy liability. This comment was followed by a half-hearted suggestion that Berkman's counsel take over the defense (a suggestion which was not accepted). The conduct of the trial thereafter was concurred in, at least in part, by counsel for Berkman and had been planned for the most part before the breach was discovered. The final step in this notice of no liability (following conferences among respective counsel after trial) was a formal notice thereof in writing on the 26th of January, 1952.

The substantive law of Minnesota governs the instant case. The fact situation here, where the insured first discovered variance at the trial itself, is not unlike that in the case of Bassi v. Bassi.[3] Counsel for plaintiff contends the weight of the opinion in the Bassi case is limited because the Court did not state the grounds for its opinion. The case is cited with obvious approval, however, by the Minnesota court in a later case.[4] Said decisions of the Minnesota court are applicable to the instant case.[5]

The Court is aware that counsel for plaintiff attempts to distinguish the facts of the Bassi case from the facts of the case at bar. After due consideration of the distinctions emphasized, the Court is not persuaded that the plaintiff was *prejudiced*[6] by the claimed domination of the trial by counsel for Bituminous. In the first place the breach (which was occasioned by the conduct of one of its own officers) occurred during the course of, and not before, the trial. In the second place, the subsequent course of the trial, while directed by counsel for Bituminous, was certainly concurred in for the most part by counsel for Berkman. In fact, the very motions made and the closing argument delivered were along the general line of strategy which counsel had agreed upon and previously worked out together. The Court is impressed that for Bituminous's counsel to have dropped out at this stage of the jury trial would have been prejudicial to the cause of the insured. This is evidenced by a statement in the record to that effect by counsel for Berkman.[7] Manifestly, it would have been improper for the insurer's counsel to withdraw from the trial of the case in the State court at the time the misconduct of the officer of Berkman was

3. 165 Minn. 100, 205 N.W. 947, 948. The breach of the cooperation clause was discovered by counsel during the course of the trial. The insurer conducted the case to a conclusion and there was a verdict for the plaintiff. A month and ten days later a letter of denial of liability was sent to the insured. On appeal the question of waiver was presented to the court, which said: "We have examined the argument addressed to that proposition and the evidence upon which it is based. The latter wholly fails to sustain the propositions so advanced."

4. Simons v. Cowan, 217 Minn. 317, 14 N.W.2d 356, 358. In its opinion the court in commenting on and distinguishing the

Bassi case said: "This is not a case like Bassi v. Bassi, 165 Minn. 100, 205 N.W. 947, where the insurer first discovered variance at the trial. Here the insurer had knowledge weeks before the main action was tried of all the facts on which it now bases its claimed lack of cooperation."

5. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

6. Security Ins. Co. v. Jay, D.C.Minn. 1952, 109 F.Supp. 87, 91.

7. Counsel testified to the general effect that had counsel for Bituminous walked out of the case, the rights of the plaintiff would have been irreparably prejudiced.

discovered. Such withdrawal would have been prejudicial to Berkman.[8]

The Court is therefore of the opinion that (1) there was no waiver on the part of Bituminous, and (2) no prejudice was incurred by Berkman due to the subsequent conduct of Bituminous.

Defendant Bituminous may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Plaintiff may have an exception.

---

8. Morrison v. Royal Indemnity Co., 180 App.Div. 709, 167 N.Y.S. 732, 735; State Farm Mutual Automobile Ins. Co. v.

Phillips, 210 Ind. 561, 2 N.E.2d 989, 993, 994.