PUHR, Administratrix, Appellant, vs. CHICAGO & NORTH-
WESTERN RAILWAY COMPANY and another, Respond-
ents.

*October 8—November 6, 1918.*

*Appeal: Orders: New trial: Discretion: Order for judgment.*

1. Unless there was an abuse of discretion an order granting a
   new trial will not be disturbed and the appeal therefrom will
   be dismissed.
2. An order for judgment dismissing an action against one of
   several defendants is not appealable under sec. 3069, Stats.
   Even if such an order could be considered a judgment it
   would not be a final judgment.

APPEAL from orders of the circuit court for Manitowoc
county: MICHAEL KIRWAN, Circuit Judge. *Dismissed.*

For the appellant there was a brief by *Hope Thompson*
of Chicago and *Kelley & Wyseman* of Manitowoc, and oral
argument by *Mr. Thompson.*

*Edward M. Smart* of Milwaukee, for the respondent *Chi-
cago & Northwestern Railway Company.*

For the respondent *Lee,* administrator of the estate of
Frank Kucera, deceased, there was a brief by *E. S. Schmitz*
and *Healy & Joyce,* all of Manitowoc, and oral argument
by *John J. Healy.*

KERWIN, J.    This action was brought to recover damages
resulting from a collision between an automobile owned by
Frank Kucera, deceased, and a train of the defendant rail-
way company, which occurred at a crossing at Two Rivers
in the county of Manitowoc, Wisconsin.

The deceased, Frank Kucera, and wife, deceased, Frank
Bauman and wife, and Theresa, daughter of Frank Bau-
man, were riding in an automobile, Bauman, his wife, and
daughter having been invited to ride by Frank Kucera, de-
ceased.   All were killed in the collision except Theresa Bau-
man, who was severely injured.

The action was brought by the administratrix of Bauman,
deceased, against the railway company and *George Lee,* ad-

ministrator of the estate of Frank Kucera, deceased, on the ground of negligence of both the railway company and Frank Kucera. The trial resulted in a special verdict finding that the deceased, Frank Kucera, was not guilty of more than a slight want of ordinary care; that the speed of the train was twenty miles an hour, and that in running the train at that rate of speed the railway company failed to exercise ordinary care, and that the negligence of the railway company was a proximate cause of the injury and death of Frank Bauman; that the railway company's servants failed to use ordinary care to discover in time that the automobile was about to cross its track at the crossing in question, and that such failure was a proximate cause of the injury and death of said Bauman; that there was no want of ordinary care on the part of Frank Bauman which contributed to cause his death; that the damages awarded were as follows: to the daughter, Theresa Bauman, $4,590; to his daughter, *Anna Bauman Puhr,* $1,000; and to his son, John Bauman, $500.

The court below changed the answer of the jury on the question of slight want of ordinary care, holding that the deceased, Frank Kucera, was guilty of more than a slight want of ordinary care, and ordered judgment dismissing the action as to the railway company, and also ordered a new trial on the ground that the damages awarded were excessive. This appeal is from both orders.

The appellant here seeks to review the order granting a new trial as well as that dismissing the action as to the railway company, and assigns that the court erred in granting the motion of the railway company to change the jury's answer on the question of Frank Kucera's negligence; in ordering judgment in favor of the railway company dismissing the complaint; in ordering a new trial for defendant *George Lee,* administrator, etc.; and in not granting a motion of the plaintiff for judgment on the special verdict.

The railway company contends, among other things, that the order for judgment in its favor is not appealable. The contention on the part of the administrator, *George Lee,* is that the court abused its discretion in granting a new trial.

It is well settled in this court that an order granting a new trial will not be disturbed unless there is an abuse of discretion. A careful examination of the record convinces us that there was no abuse of discretion in awarding a new trial, therefore the appeal from the order granting a new trial must be dismissed. *Pierson v. Citizens' T. & T. Co.* 135 Wis. 73, 115 N. W. 336; *Schlag v. C., M. & St. P. R. Co.* 152 Wis. 165, 139 N. W. 756.

It seems clear that the order dismissing the action against the railway company is not appealable. Appeals are purely statutory, and appeals from orders are regulated by sec. 3069, Stats. *Cook v. McComb,* 91 Wis. 445, 65 N. W. 181. The order is an order for judgment, therefore not appealable. *Murray v. Scribner,* 70 Wis. 228, 35 N. W. 311; *Joint School Dist. v. Kemen,* 68 Wis. 246, 32 N. W. 42; *Butteris v. Mifflin & Linden M. Co.* 133 Wis. 343, 113 N. W. 642; *Mills v. Conley,* 110 Wis. 525, 86 N. W. 203; *Treat v. Hiles,* 75 Wis. 265, 44 N. W. 1088; *Wolfgram v. Schoepke,* 123 Wis. 19, 100 N. W. 1054; *Ripon H. Co. v. Haas,* 141 Wis. 65, 123 N. W. 659.

Even if the order for judgment in favor of the railway company could be considered a judgment, still it would not be appealable, because not a final judgment. *Egaard v. Dahlke,* 109 Wis. 366, 85 N. W. 369; *Bakula v. Schwab,* 167 Wis. 546, 168 N. W. 378.

It would be well, if we had the power to do so, to review the order dismissing the action as to the railway company, but, appeals being statutory and this order not being included under the statute as an appealable order, we cannot review it upon the present appeal. Whether such orders should be made appealable is a proper matter for the con-

sideration of the legislature, and it may be well for the legislature to give this subject such consideration as to it shall seem advisable.

*By the Court.*—The appeal from both orders is dismissed, with costs.