WEILER, Respondent, vs. HERZFELD-PHILLIPSON COMPANY, Appellant.

SAME, Appellant, vs. SAME, Respondent.

*March 9—April 6, 1926.*

*False imprisonment: Interview between employer and clerk suspected of dishonesty: Place and time: Materiality: Length of interview: Threats of employer: Evidence: Sufficiency: Appeal from order directing judgment.*

1. False imprisonment is the unlawful restraint by one person of the physical liberty of another; the test being not the extent but the lawfulness of the restraint.  p. 557.
2. An interview by defendant's assistant superintendent with an employee suspected of dishonesty was conducted in the office of such superintendent, whose duty it was to investigate such matters, the office not being locked from the outside and being sufficient to accommodate the presence of the superintendent and the employee. *Held,* that the place in which the interview was conducted had no bearing upon the question of the unlawful restraint of the employee's liberty.  p. 558.
3. Although the interview was protracted, false imprisonment could not be predicated on the length of time plaintiff was in the office, in view of the fact that during all such time she was an employee under compensation.  p. 558.
4. The detention of the plaintiff in the superintendent's office could not constitute false imprisonment unless there was something unlawful in the manner of the detention.  p. 559.
5. The fact that the superintendent refused plaintiff's request to be allowed to leave the room, and told her to sit down, did not disclose an unlawful manner of detention forming a basis for the charge of false imprisonment, the employee being under the direction of the employer as long as she remained an employee.  p. 559.
6. Nor did the fact that the plaintiff was threatened with being sent to jail if she did not confess to appropriating money of the employer bear on the question of whether she was falsely imprisoned, such fact bearing only on the value of her confession as evidence.  p. 559.
7. The evidence disclosing that the employer summoned a clerk suspected of dishonesty to the office in which he customarily did his business and that the interview was within the time for which the employee was being paid, it is *held* that the finding of false imprisonment is not sustained.  p. 560.

8. An order directing the entry of judgment is not appealable under sec. 274.33, Stats., and the plaintiff could not raise the question of the dismissal of the cause of action for slander upon appeal from such an order. p. 560.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

The plaintiff, formerly a clerk in the Boston Store, a large department store of the city of Milwaukee, brought this action to recover damages for mistreatment to which it is claimed she was subjected immediately before her discharge from employment. The complaint sets forth three causes of action: one for false imprisonment, one for slander, and another for assault and battery. The case was tried before a jury, and the verdict was against the plaintiff on the charge of assault and in her favor on the causes of action for false imprisonment and slander. The court set aside the verdict of the jury so far as it related to the cause of action for slander, and rendered judgment in favor of the plaintiff and against the defendant for the sum of $500, the amount of damages fixed by the jury for the unlawful imprisonment. From that judgment the defendant brings this appeal.

The facts most favorable to the plaintiff, so far as they relate to the cause of action for false imprisonment, may be summarized as follows: A short time prior to December 14, 1922, certain facts and circumstances were called to the attention of the defendant casting doubt upon the fidelity of the plaintiff in her employment. On the 14th day of December, 1922, she was called to the office of Mr. Carter, who was assistant to the superintendent in charge of the service department. Mr. Carter's office consisted of a small room on the stairway between the first and second floors. The plaintiff, in obedience to the summons, presented herself at Mr. Carter's office at about 3 o'clock in the afternoon. Mr. Carter was in conversation with another person when the plaintiff entered, and she was told to sit down. She com-

plied, and waited for the departure of the person with whom Mr. Carter was then conversing. Within a few minutes this party left, and Mr. Carter closed the door. The door had a self-lock. It could not be opened, without a key, from the outside, but it could easily be opened from the inside.

Mr. Carter took some articles of merchandise from a drawer of his desk and asked the plaintiff if she remembered selling the articles without making out a sales slip for them, and taking the money for her own use. She denied doing any such thing; her sales slips were then sent for, and evidently canvassed with a view of ascertaining whether she had made a sales slip of the articles which she was accused of selling and appropriating the money received therefor. A rather long interview followed, during all of which time Mr. Carter insisted that she had sold the articles and appropriated the money to her own use, which she persistently denied. He urged her to make a confession, which she refused to make, and threatened that if she did not make the confession he would call the police patrol and she would be taken to jail. Along about 5 o'clock Mr. Carter called a confidential stenographer, to whom he dictated a confession. In due time the stenographer transcribed the dictation and returned it as transcribed to Mr. Carter. He then read it to the plaintiff and she signed it. When this was over it was ten minutes to six. The plaintiff was then discharged from the employment. She went to the office and got her time, took it to the cashier, and was paid the amount due her.

*Oliver L. O'Boyle* of Milwaukee, for the plaintiff.

For the defendant there were briefs by *Bottum, Hudnall, Lecher & McNamara* of Milwaukee, and oral argument by *F. L. McNamara*.

OWEN, J. The jury found in response to the first question submitted in the special verdict that the defendant, through J. M. Carter, on the 14th day of December, 1922,

unlawfully, wilfully, and maliciously imprisoned the plaintiff, without her consent, in its office in its store building in the city of Milwaukee, Wisconsin.    In his decision upon motions after verdict, the trial judge said:

"The jury's answer to the first question is amply supported by the evidence of the plaintiff and by that of J. M. Carter as well.    The room referred to as Mr. Carter's office is very small and cramped, is located off a stair landing midway between two floors and has a very low ceiling.    The fact that plaintiff was detained therein for three, or even two, hours is a circumstance of considerable weight, which, with others, should suffice to justify the jury's conclusion that plaintiff was wilfully and unlawfully imprisoned, without her consent, in accordance with the rules stated in the court's instructions relating to said first question.    The legitimate ends of reasonable inquiry and investigation as to the alleged irregularities which had come to Mr. Carter's notice, with the dictation and taking of the statement in evidence, would have been amply satisfied by an interview not to exceed one hour.    That period was, however, considerably exceeded, and, in view of the entire situation and all the attending circumstances, I am satisfied that the first finding of the jury is just and right and should not be disturbed."

The appellant contends that the evidence does not support the finding of false imprisonment.    False imprisonment is defined to be "the unlawful restraint by one person of the physical liberty of another."    11 Ruling Case Law, 791. "The true test seems to be, not the extent of the restraint but the lawfulness thereof."    11 Ruling Case Law, 794.    In the instant case an employer summoned to his office an employee for an interview concerning matters coming to the attention of the employer casting doubt upon the fidelity of the employee.    The office was small, but it was a regularly established office of the employer.    The interview was somewhat prolonged, but during the entire period the time of the employee belonged to the employer.    She was compensated for every minute of the time spent by her in the office.

Her time was under the employer's direction and control. The subject of the interview was the conduct of the plaintiff in the discharge of her duties as an employee. The only evidence of restraint imposed upon the plaintiff was her own testimony that upon two occasions during the interview she asked him if she could leave the room, and he replied, "Why no, what do you want to go out for;" that she got up, and he said "Sit down." Upon one occasion she asked if she could telephone to her husband, and he said "No;" that her husband had nothing to do with the matter.

This raises the question of the limitations imposed upon an employer in discussing with an employee matters germane to the employment. It readily may be conceived that such interviews may be held at improper places, at improper times, and conducted in an improper manner. We cannot conceive, however, that the place in which this interview was conducted can have any bearing whatever upon the question of unlawful restraint. It was conducted in the regular office of the assistant to the superintendent in charge of the service department whose duty it was to investigate such matters. While the room was small, it was sufficient to accommodate the presence of two persons. It was not locked from the inside, and the door could readily be opened by turning a knob. While the interview was somewhat long, we know of no standard by which the length of such interviews within the bounds of propriety may be definitely fixed.

According to the evidence of Mr. Carter, which we do not find to be denied by the plaintiff, the sales slips of the plaintiff were brought from the office and carefully scrutinized by Mr. Carter and the plaintiff. This undoubtedly occupied a considerable length of time. But, at any rate, false imprisonment cannot be predicated upon the length of time plaintiff was in the office, in view of the fact that during all of such time she was an employee under compensation. The subject of the interview was a highly proper one, and

had a direct bearing upon the relations existing between the parties. It cannot be said that her detention in Mr. Carter's office was unlawful, and the circumstance cannot be held to constitute false imprisonment unless there was something unlawful with reference to the manner of detention. According to plaintiff's own testimony she made no effort to leave the room, except on two occasions, when she arose from her seat and inquired if she might go, and she was told No, to sit down. We discover nothing unlawful or improper in such a response to such an inquiry addressed by an employee to an employer under such circumstances. It may be assumed that plaintiff was not enjoying the interview, and that she desired to be relieved therefrom. However, as long as she remained an employee she was under the directions of her employer, and, if he had not yet completed the interview, it is difficult to find anything improper in his continuance thereof.

There is the further evidence that he threatened to call the patrol and send her to jail if she did not confess. We cannot express our entire approval of this conduct on the part of Mr. Carter. It savors too much of third-degree methods. It was one of the means adopted by Carter to coerce a confession from the plaintiff. It amounted to intimidation, and tended to deprive the plaintiff of her own free will. That, however, bears only upon the value of her confession as evidence. It has nothing to do with the question of whether she was falsely imprisoned. The so-called confession might have been made because she feared that, otherwise, she would be sent to jail. That fact might render her confession involuntary, but it would not make her presence in the room false imprisonment. While employers should be admonished that their dealings with their employees under such circumstances must be reasonable and humane, we cannot adopt a rule putting an employer in jeopardy of a charge of false imprisonment when he sum-

mons to his office for an interview an employee whose con-
duct is unsatisfactory or whose fidelity is under suspicion,
especially where the office is one in which the employer cus-
tomarily does his business and the period of the interview
is within the time for which the employee is being compen-
sated by the employer. We conclude that the record dis-
closes no evidence sustaining the finding of false imprison-
ment.

The respondent seeks a review of the action of the trial
court in dismissing the cause of action for slander. She
seeks to raise this question not upon appeal from the judg-
ment, but upon an appeal from the order directing the entry
of judgment. This order is not appealable. It is not one
of those defined as appealable by sec. 274.33, Stats. The
question sought to be reviewed could only be presented by
an appeal from the judgment.

*By the Court.*—Judgment reversed, and cause remanded
with directions to dismiss the plaintiff's complaint.

CROWNHART, J., dissents.