FRANK WEISS, Plaintiff, *v.* THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Defendant.

Supreme Court, Westchester County, November 24, 1933.

*Sporborg & Connolly* [*Melville Erlich* of counsel], for the plaintiff.

*Joseph L. Roesch* [*Irving I. Goldsmith* of counsel], for the defendant.

BLEAKLEY, J.   Plaintiff recovered judgment against one Rodney Farson in an action based on negligence.   Rodney Farson, at the time of the accident, was driving a car owned by John Farson, Jr. John Farson, Jr., was insured by the defendant.   The car was being operated with the consent of the owner.   Under such circumstances it is conceded that the policy covered the driver as well as the owner.

The policy was issued in the State of Connecticut, where the insured and his brother resided.   No person may drive a car in that State who is under the age of sixteen years.   The accident happened in New York.   The minimum age in New York State is eighteen years.   The driver was seventeen years of age at the time of the accident.

The defendant seeks to avoid liability under a non-coverage clause in the policy.   Under its terms the insured is not covered " while [the automobile is] being driven or manipulated by any person in violation of law as to age or under the age of sixteen (16) years in any event."

Had the accident happened in Connecticut the policy would cover. Does the fact that, at the time of the accident, the driver was operating in New York, where the legal age is eighteen years, bar recovery on the policy?

There is no ambiguity about the clause. If a person is driving in violation of law as to age the policy does not cover. The plaintiff contends that the policy covers where there is a violation in any State so long as the driver was of the age required by the State wherein the policy was issued. No such exception can be read into the policy.

If the driver desired to be covered it was his duty not to drive in a State where he was not prohibited from driving by reason of age. As between the driver who elects to drive in a State where he is prohibited and the company, who cannot control his election except through the coverage clause, the clause must be resolved in favor of the company.

In the case of *U. S. Fidelity & G. Co.* v. *Guenther* (281 U. S. 34) the court held, under a similar state of facts, that the policy did not cover where the car was being operated in violation of a local ordinance inconsistent with the State law. The court in that case was obliged to reach the conclusion not only that the ordinance was a law within the meaning of the policy but that the words " violation of law as to age " related to the law as to age at the place of the accident.

I find that the policy did not cover the accident and defendant is entitled to judgment on the pleadings.