Witzko and another, Appellants, vs. Koenig and others, Defendants: Employers Mutual Indemnity Corporation, Respondent.

*April 9—April 27, 1937.*

For the appellants there was a brief by *Sanborn, Blake & Aberg* of Madison, and oral argument by *George G. Blake.*

For the respondent there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *W. L. Jackman.*

MARTIN, J. The appeal from the order of December 21, 1936, granting the motion for a summary judgment must be dismissed. It is not an appealable order. Sec. 274.33 (1), Stats., permits an appeal from an order only when it prevents a judgment from which appeal can be taken. Since an order for judgment does not prevent a judgment it is not appealable. *Puhr v. Chicago & N. W. R. Co.* 168 Wis. 101, 169 N. W. 305, and cases cited. The right to appeal in civil proceedings is purely statutory, and does not exist at all except when, and then only to the extent, granted by statute. *Golden v. Green Bay Metropolitan Sewerage Dist.* 210 Wis. 193, 200, 246 N. W. 505, and cases cited. An order denying an application for summary judgment is appealable. Sec. 274.33 (3), Stats. 1935; *Loehr v. Stenz,* 219 Wis. 361, 263 N. W. 373. The summary-judgment statute, sec. 270.635, contemplates the entry of such judgment without delay when ordered by the court. An appeal may then be taken from the judgment as was done in the instant case.

On the appeal from the judgment, the following statutes are applicable:

"Sec. 85.08 . . . (1a) *License to child under sixteen years.* Upon the recommendation in writing of the county judge of the county wherein the child resides the secretary of state shall issue an automobile driver's license to any child, otherwise qualified, who is less than sixteen but more than fourteen years of age. . . . Such license shall entitle the child to whom it is issued to drive only an automobile belonging to his

parent or guardian during daylight hours, that is from thirty minutes before sunrise to thirty minutes after sunset, and shall not authorize such child to drive a motorcycle, commercial truck, motor bus or taxicab. The parent or guardian shall at all times be responsible for any and all damages growing out of the negligent operation of a motor vehicle by any such child. . . ."

"Sec. 204.33 (1) No policy of insurance, agreement of indemnity or bond covering liability or loss arising by reason of the ownership, maintenance or use of a motor vehicle issued in this state shall contain any limitation or condition restricting the coverage afforded thereby as to the following:

"(a) To persons while driving or manipulating a motor vehicle, who shall be of an age authorized by law so to do. . . ."

Sec. 204.34, Stats. 1935:

"(1) No policy of insurance, agreement of indemnity or bond covering liability or loss arising by reason of the ownership, maintenance or use of a motor vehicle issued in this state shall exclude from the coverage afforded or provisions as to the benefits therein any of the following:

"(a) Persons while driving or manipulating a motor vehicle, who shall be of an age authorized by law so to do. . . ."

The policy provision relied upon by the respondent company as excluding coverage in the instant case provides:

"(c) Under coverages a, b, g and h, while the automobile is operated by any person under the age of fourteen years, or by any person in violation of any state, federal or provincial law as to age applicable to such person or to his occupation, or by any person in any prearranged race or competitive speed test."

It is conceded that the collision in question occurred at 9:30 p. m. on June 4, 1936. On that day, sunset occurred at 7:32 p. m. It is further conceded that at the time of the collision the defendant Orlo Koenig, the driver of the car insured by respondent, was a minor fifteen years of age. He

had theretofore obtained a special driver's license as authorized by sec. 85.08 (1a), Stats.

The appellants contend that the policy exclusion is broader and excludes more than secs. 204.33 and 204.34, Stats., permit. That is, that we must take whichever exclusion is the narrower, the policy exclusion or the statute. We are of the opinion that there is no conflict between the exclusion clause of the insurance policy and secs. 204.33 and 204.34, Stats. The contract of insurance provides that the respondent is not liable under its contract where the car is driven by a person in violation of law as to age. Under sec. 85.08 (1a) the permittee is not allowed to drive in the nighttime. Because of his age, under no circumstances could he secure a permit to drive in the nighttime.

We must hold that at the time of the collision in question his driving was a clear violation of sec. 85.08 (1a), Stats., within the exclusion clause of the insurance policy. See *Hudak v. Union Indemnity Co.* 108 Conn. 598, 143 Atl. 885; *Weiss v. Preferred Acc. Ins. Co.* 149 Misc. 911, 268 N. Y. Supp. 275; *Ibid.* 241 App. Div. 545, 272 N. Y. Supp. 653; *Jones v. American Employers' Ins. Co.* 141 Misc. 88, 252 N. Y. Supp. 250; *Cullen v. Travelers Ins. Co.* 214 Wis. 467, 470, 253 N. W. 382.

The insurance policy in the *Cullen Case, supra,* and the casualty therein were prior to the enactment of chs. 393 and 477, Laws of 1931. Since the court is of the opinion that the statutes to which reference has been made are as broad as the exclusion clause of the insurance policy in question, the *Cullen Case* is in point. The statutes (secs. 204.33 and 204.34) require coverage to be afforded "persons while driving or manipulating a motor vehicle, who shall be of an age authorized by law so to do." Neither section requires an insurer to cover a person under fourteen years of age, for the reason that such person is not authorized by law to drive a car, and a person under sixteen and over fourteen is not authorized

by law to drive a car at night, so he is not, while driving at night, a person of an age authorized to drive at such time. There is no inconsistency between the statutes (secs. 204.33 and 204.34) and the provisions of the policy in the instant case.

The appellants further contend that the policy exclusion clause is not effective unless causal connection can be shown between the age of the driver and the accident. In support of this contention they cite the case of *McGee v. Globe Indemnity Co.* 173 S. C. 380, 175 S. E. 849. The majority opinion in that case overlooks the distinction between the liability of the insured to the injured party which is founded on the principles of tort liability and the liability of the insurer under its contract of insurance which is a contractual liability. Our court is committed to the doctrine that liability of the insurer, either to the insured or the injured person, is contractual. *Cullen v. Travelers Ins. Co., supra; Bernard v. Wisconsin Automobile Ins. Co.* 210 Wis. 133, 136, 245 N. W. 200; *Drewek v. Milwaukee Automobile Ins. Co.* 207 Wis. 445, 240 N. W. 881; *Loughran v. Employers Mutual Indemnity Corp.* 212 Wis. 634, 250 N. W. 389. In *Bernard v. Wisconsin Automobile Ins. Co., supra,* the court said:

"If, because of express limitations in the policy on the scope of the insurance, the casualty or the operation of the automobile at the time of the casualty was not within the coverage of the policy, then there is no liability on the part of the insurer."

In *Cullen v. Travelers Ins. Co., supra,* at p. 470, the court said:

"Consequently, in view of the express and unambiguous limitation on the coverage, which was afforded by the policy, the operation of the automobile by plaintiff's son, at the time of the casualty, while he was but fifteen years of age, was not within the coverage, and there is therefore no obligation on the part of the insurer to indemnify any person whatsoever."

The respondent contends that it was not proper for the clerk to enter any judgment herein on the order for judgment until the issues affecting the rights of all defendants were determined and one final judgment entered as to all defendants, unless the plaintiff is granted judgment against one defendant by such order.

Upon the undisputed facts, there could be no recovery against respondent insurance carrier. The summary-judgment statute was enacted to provide a method for speedy disposition of litigation. We see no reason why respondent should not have a prompt judgment dismissing the action as to it. In principle, such practice is approved in *Scharine v. Huebsch,* 203 Wis. 261, 268, 234 N. W. 358.

*By the Court.*—The appeal from the order entered by the court on December 21, 1936, granting respondent's motion for summary judgment dismissing the complaint as to it is dismissed. The judgment entered December 29, 1936, is affirmed, with costs to respondent.