MITLER, Appellant, vs. ASSOCIATED CONTRACTORS, INC., Respondent.

*February 5—February 28, 1958.*

332

For the appellant there was a brief by *Harvey & Harvey*, attorneys, and *Earle L. Christ* of counsel, all of Racine, and oral argument by *Richard G. Harvey, Jr.*

For the respondent there was a brief by *Foley, Capwell & Foley* of Racine, and oral argument by *Rex Capwell, Jr.*

CURRIE, J. The appealability of the order in the instant case is controlled by the provisions of sec. 274.33, Stats.

An order denying an application for summary judgment is expressly made appealable by sub. (3) of such statute. However, an order for entry of judgment is not made appealable by such statute, and such an order is not appealable. *Puhr v. Chicago & N. W. R. Co.* (1918), 168 Wis. 101, 103, 169 N. W. 305; *Weiler v. Herzfeld-Phillipson Co.* (1926), 189

Wis. 554, 560, 208 N. W. 599; *Witzko v. Koenig* (1937), 224 Wis. 674, 676, 272 N. W. 864; and *Jaster v. Miller* (1955), 269 Wis. 223, 233, 69 N. W. (2d) 265. The reason why such an order for judgment is not appealable is because it does not prevent a judgment from which appeal can be taken.

In the instant appeal counsel for the respondent have raised no issue as to whether the order appealed from is appealable. However, parties cannot, either by failure to raise the question or by consent, confer jurisdiction upon an appellate court to review an order which is not appealable. *Hempel v. Hempel* (1921), 174 Wis. 332, 341, 181 N. W. 749, 183 N. W. 258; *Richter v. Standard Mfg. Co.* (1937), 224 Wis. 121, 126, 271 N. W. 14, 271 N. W. 914; and *Jaster v. Miller, supra,* at page 234. We quote from our opinion in *Jaster v. Miller, supra,* as follows (p. 234):

"Neither the waiver or consent of a respondent, nor the willingness of this court to consider a matter in the interests of justice, gives us authority to take jurisdiction where none is conferred by law."

We are thus confronted on this appeal with a situation in which that part of the order denying plaintiff's motion for summary judgment is technically appealable, while that part of such order, which directs that judgment be entered upon the pleadings for only the amount contained in defendant's offer of judgment, is not appealable.

However, it would be a useless gesture for us to pass upon the issue, of whether it was error for the trial court to have denied plaintiff's motion for summary judgment, so long as the judgment entered pursuant to the order is permitted to stand. The present appeal does not reach such judgment, and such judgment is *res adjudicata* on the issue of the amount of commission plaintiff is entitled to recover from the defendant. We, therefore, deem that the issue, of whether

it was error to deny plaintiff's motion for summary judgment, to be moot, and one that this court should not pass upon. *Hogan v. La Crosse* (1899), 104 Wis. 106, 80 N. W. 105.

It does not appear from the record before us on this appeal when, if ever, judgment was entered as directed by the order appealed from. However, the plaintiff's only remedy is to appeal from such judgment.

*By the Court.*—Appeal dismissed.