STATE DEPARTMENT OF PUBLIC WELFARE, Appellant, v. LeMERE and others, Respondents.

*June 5—June 29, 1962.*

For the appellant there was a brief by *Charles C. Lubcke,* collection and deportation counsel, and *Clarence J. Simon* and *James R. Pleyte,* assistant counsel, and oral argument by *Mr. Simon.*

For the respondents there were briefs by *Davis, Soquet, Cherney & Ross* of Green Bay, and oral argument by *Colburn G. Cherney.*

FAIRCHILD, J. Unfortunately, the parties have gone to the expense of briefing and arguing merits of their case, assuming that the merits are properly before us.

"It is the duty of this court, notwithstanding no issue has been raised by counsel, to take notice of a point which goes to the jurisdiction of this court on appeal and to dismiss the appeal on its own motion, if the order of the trial court is not an appealable order." [1]

The order in question does not fall within any type listed in sec. 274.33, Stats., authorizing appeals from orders. If it be "An order affecting a substantial right," referred to in

---

[1] *Yaeger v. Fenske* (1962), 15 Wis. (2d) 572, 573, 113 N. W. (2d) 411.

sub. (1) it does not meet the other requirement of that sub-section that it determine the action and prevent a judgment from which an appeal might be taken.

If the department exercised its option to amend, the action would continue and final determination would ultimately be made by judgment (or order). An appeal could then be taken. If the department chose not to amend, the order is simply an order for judgment and the department's remedy is to appeal from the judgment when entered.[2]

*By the Court.*—Appeal dismissed.

---

[2] *Mitler v. Associated Contractors* (1958), 3 Wis. (2d) 331, 88 N. W. (2d) 672.