LENTZ, Executrix, Respondent, v. NORTHWESTERN NATION-
AL CASUALTY COMPANY and another, Appellants.

*March 7—April 2, 1963.*

**570**

For the appellants there was a brief by *Ray T. McCann* and *Richard A. McDermott,* both of Milwaukee, and oral argument by *Mr. McDermott.*

For the respondent there was a brief by *Samson, Bartell & Nash,* attorneys, and *Maroney & Schiro* of counsel, all of Milwaukee, and oral argument by *Thomas P. Maroney* and *Anthony Schiro.*

GORDON, J. The order appealed from is not an appealable order, and therefore this appeal must be dismissed. The order, in effect, directed the entry of judgment for the plaintiff upon his submission of proof of damages, if any.

An order directing the entry of a judgment is not an appealable order under sec. 274.33, Stats. *Mitler v. Associated Contractors* (1958), 3 Wis. (2d) 331, 332, 88 N. W. (2d) 672; *Jaster v. Miller* (1955), 269 Wis. 223, 233, 69 N. W. (2d) 265; *Weiler v. Herzfeld-Phillipson Co.* (1926), 189 Wis. 554, 560, 208 N. W. 599. The reason such an order is not appealable under sec. 274.33 is that it does not prevent a judgment from which an appeal can be taken. The same would apply to an order which strikes an answer.

Neither counsel raised the issue of the appealability of this order. As this court said in the *Mitler Case, supra,* at page 333:

"However, parties cannot, either by failure to raise the question or by consent, confer jurisdiction upon an appellate court to review an order which is not appealable."

The failure to recognize the issue of appealability has quite frequently caused counsel to prepare an appeal only to have it dismissed. Considerable briefing and expense is wasted on an abortive appeal. We invite more careful attention to this problem by appellate counsel. How often this matter is overlooked is suggested by the following five cases in which appeals have recently been dismissed as nonappealable: *Olson v. Augsberger* (1962), 18 Wis. (2d) 197, 118 N. W. (2d) 194; *State Department of Public Welfare v. LeMere* (1962), 17 Wis. (2d) 240, 241, 116 N. W. (2d) 173; *Herman Andrae Electrical Co. v. Packard Plaza* (1962), 16 Wis. (2d) 44, 113 N. W. (2d) 567; *Yaeger v. Fenske* (1962), 15 Wis. (2d) 572, 113 N. W. (2d) 411; *Szuszka v. Milwaukee* (1961), 15 Wis. (2d) 241, 112 N. W. (2d) 699. See Walther, Wisconsin Supreme Court Practice—Appealability of Orders and Judgments, Vol. 2, No. 4, Wisconsin Continuing Legal Education (Oct. 1962), p. 23.

*By the Court.*—Appeal dismissed.

WILKIE, J., took no part.