WALFORD, Respondent, v. BARTSCH, Appellant.

*No. 266. Argued October 1, 1974.—Decided October 29, 1974.*
(Also reported in 222 N. W. 2d 633.)

For the appellant there was a brief and oral argument by *Neil Stoveken* of Madison.

For the respondent there was a brief by *Wheeler, Van Sickle, Day & Anderson* and oral argument by *Paul R. Norman,* all of Madison.

HEFFERNAN, J. This is an appeal by Harvey L. Bartsch, Jr., from an order of the circuit court dismissing his appeal to that court from a county court of Dane county. A narrow question, not of first impression, is presented on this appeal. Does a notice of appeal to the circuit court from a memorandum opinion and an order for judgment in a county court eviction action confer jurisdiction upon the circuit court to hear and decide the appeal when the respondent moved to dismiss for lack of appealability and did not participate in the merits of the appeal? We conclude, in accordance with the statutes and well-established precedents of this court, that the circuit court acquired no jurisdiction of the appeal and properly entered an order of dismissal.

In July of 1972, Elizabeth Walford, the respondent in this court, commenced an eviction action against Bartsch in the county court. In October of 1972, the county judge issued a memorandum decision in which he concluded that Elizabeth Walford was entitled to evict Bartsch and was entitled to an order for a writ of restitution. The memorandum opinion instructed the attorney for the prevailing party:

". . . to draw an Order in accordance with this Memorandum Decision. This Order is to be an Order for a writ of restitution to be issued by the Clerk and it should further contain a fifteen day stay of execution to allow the defendant to appeal if he so desires."

Thereupon, Bartsch's attorney, Russell J. Mittelstadt, served a notice of appeal to the circuit court from "the Memorandum Decision dated October 4, 1972, by the Honorable KENT C. HOUCK ordering Judgment and a Writ of Restitution in favor of the plaintiff against the defendant." A formal order for judgment was not, however, issued until October 20, 1972, after the date of the service of the appeal. Judgment was entered on October 25, 1972. Notice of entry of the judgment and copies

of the order for judgment and the judgment were mailed on October 25th, and service was admitted upon them by Attorney Mittelstadt. On October 31st, Attorney Mittelstadt re-served the identical notice of appeal on Walford's attorney, again giving notice of an appeal from the memorandum decision dated October 4th. Walford's attorney responded to this notice by a motion to dismiss the appeal because it was taken from a memorandum decision and not from an appealable order or judgment.

A hearing was held on the motion to dismiss, and on February 5, 1973, the circuit judge concluded that the court had no jurisdiction in that the appeal was from the memorandum decision, an order for judgment, and an order for a writ of restitution, all of which were non-appealable, and therefore the circuit court could only dismiss the appeal.

Bartsch's present counsel has appealed to this court from the order of the circuit court that dismissed that appeal from the county court.

The power of the circuit court on appeals from certain small claims actions, including appeals from evictions, is governed by sec. 299.30 (6), Stats. That subsection confers powers upon the circuit court in appeals from the county court similar to those of the supreme court under ch. 274. The relevant portion of ch. 274 which is made applicable to the circuit court in this instance is sec. 274.33 (1), which provides that an order is appealable when it affects "a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

This court consistently holds that all three conditions must exist for an order to be appealable under this section. *See, Schlesinger v. Schroeder* (1933), 210 Wis. 403, 245 N. W. 666. The thing appealed from was the court's memorandum decision. A judge's opinion or decision is in itself never appealable. *State ex rel. Hernandez v. Mc-*

*Conahey* (1969), 42 Wis. 2d 468, 470, 167 N. W. 2d 412. While the memorandum decision may well have affected a substantial right, it did not prevent a judgment from which an appeal might be taken, for it specifically authorized a judgment to be entered at a future time. Such judgment, when entered, would be appealable.

The right of appeal is not discretionary with the supreme court, and jurisdiction can only be acquired by this court or by the circuit court acting as an appellate court under the rules of appealability established by the legislature. In *Mequon v. Bruseth* (1970), 47 Wis. 2d 791, 794, 177 N. W. 2d 852, we said:

"In order for there to be a right of appeal some statute must grant it and a party seeking to appeal must follow the method prescribed in the governing statute."

An order for judgment, even if considered to be a judgment, would not be appealable, because it is not final. *Puhr v. Chicago & N. W. R. Co.* (1918), 168 Wis. 101, 169 N. W. 305.

In *Jaster v. Miller* (1955), 269 Wis. 223, 234, 69 N. W. 2d 265, where, as here, there was in fact a judgment, but the judgment was not appealed from and instead the appeal was taken from the order for judgment, we held no jurisdiction was conferred upon the appellate court.

In *Mitler v. Associated Contractors* (1958), 3 Wis. 2d 331, 332, 333, 88 N. W. 2d 672, in discussing the provisions of sec. 274.33, Stats., we said:

"However, an order for entry of judgment is not made appealable by such statute, and such an order is not appealable. *Puhr v. Chicago & N. W. R. Co.* (1918), 168 Wis. 101, 103, 169 N. W. 305; *Weiler v. Herzfeld-Phillipson Co.* (1926), 189 Wis. 554, 560, 208 N. W. 599; *Witzko v. Koenig* (1937), 224 Wis. 674, 676, 272 N. W. 864; and *Jaster v. Miller* (1955), 269 Wis. 223, 233, 69 N. W. (2d) 265. The reason why such an order for judgment is not appealable is because it does not prevent a judgment from which appeal can be taken."

The well-established statutory and decisional law of this state compels the conclusion that the circuit judge was obliged to dismiss for lack of jurisdiction. Appellant sees these principles as being confused and argues that, at least in respect to ch. 299, the confusion is clarified to his advantage by our opinion in *Milwaukee v. Leschke* (1973), 57 Wis. 2d 159, 203 N. W. 2d 669. We see neither confusion of these well-settled principles nor any comfort to the appellant in the case relied upon. *Leschke* is not pertinent to this case. In that case, the city of Milwaukee prosecuted a forfeiture action against Leschke, who was adjudged not guilty and discharged. The court ordered that costs be allowed against the city in the amount of the disbursements. It should first be noted that the respondent in that appeal did not raise the issue of appealability, and in addition this court held that the document issued by the judge had the effect of a judgment because the order in *Leschke* actually taxed costs. It was a final order. The memorandum decision in the instant case was in no way final. Rather, it was a decision which announced the conclusion of the judge and instructed that the plaintiff's attorney prepare orders in accordance with the decision.

This court has also considered two other cases involving appeals under sec. 299.30, Stats. We have stated that sec. 299.30 permits appeals only from judgments and from certain other orders of a limited nature which affect judgments. *Milwaukee v. Trzesniewski* (1967), 35 Wis. 2d 487, 492, 493, 151 N. W. 2d 109, and *Milwaukee v. Cohen* (1973), 57 Wis. 2d 38, 44, 203 N. W. 2d 633. The notice of appeal in this case, construed most favorably to the appellant, was no more than an order for judgment. It was not an order made specifically appealable by secs. 299.14, 299.28, and 299.29, respectively referring to actions commenced by mailing, orders denying a motion for a new trial after verdict, or orders on motions to re-open default judgments. The key consideration is that the

order was not a final one, because it contemplated the subsequent entry of a judgment, and thus did not prevent a judgment. In *Leschke,* all that was to follow was the ministerial action of the clerk to enter costs already taxed.

After the *Jaster v. Miller Case, supra,* sec. 274.11 (4), Stats., was enacted by the legislature. This had the effect of modifying the jurisdictional requirements to take an appeal. Sec. 274.11 (4) provides:

"The right of appeal shall exist from the time of the entry of the appealable order or judgment and *in cases* of appeal the supreme court shall have jurisdiction over the subject matter of the action from that time. The procedural requirements . . . relate only to the jurisdiction of the court over the parties to the appeal."

Under the rule of *Jaster v. Miller,* this court or a circuit court acting under the provisions of sec. 274.33, Stats., had no subject matter jurisdiction when the appeal was taken from a matter not appealable, even though an order or judgment subsequently had been entered from which an appeal could be taken. As the result of sec. 274.11 (4), this court now has subject matter jurisdiction from the time the appealable order is entered. If an appealable order is entered in a county court, the circuit court has subject matter jurisdiction over the appealable order or judgment from the time of entry, even though the appeal is taken from a matter not appealable.

Both jurisdiction of the subject matter and jurisdiction over the parties must be obtained by an appellate court. Although the circuit court, under sec. 274.11 (4), Stats., had subject matter jurisdiction over the judgment as finally entered in the county court case, it did not acquire personal jurisdiction over the respondent Walford, because Walford did not waive the procedural requirements of an appeal.

The effect of failing to appeal from the appealable order when an appealable order in fact had been entered

is discussed in a series of cases commencing with *Sicchio v. Alvey* (1960), 10 Wis. 2d 528, 103 N. W. 2d 544. In that case, we mentioned the probability that, in a case where no notice of appeal had been served from the appealable order but instead from a nonappealable order, we would proceed to a decision on the case if the respondent appeared before us and argued the merits without noting any objection to jurisdiction. *See, also: Asen v. Jos. Schlitz Brewing Co.* (1960), 11 Wis. 2d 594, 106 N. W. 2d 269. In *Baumgarten v. Jones* (1963), 21 Wis. 2d 467, 470, 124 N. W. 2d 609, we said, citing cases:

"Relying on sec. 274.11 (4), Stats., this court has held that where an appealable order or judgment has been entered, but no proper notice of appeal therefrom has been served, a respondent who participates in this court in a review of the merits thereof without appropriate objection on the ground that jurisdiction over his person has not been obtained for such review has waived his objection."

We have consistently followed that line of reasoning. *Estate of Burns* (1964), 23 Wis. 2d 175, 179, 127 N. W. 2d 239; *August Schmidt Co. v. Hardware Dealers Mut. Fire Ins. Co.* (1965), 26 Wis. 2d 517, 133 N. W. 2d 352.

The corollary of this series of cases is clear: Where a respondent does not respond on the merits but instead appears for the purpose of objecting to the jurisdiction of the court because the appeal is taken from a nonappealable matter, personal jurisdiction over him is not acquired. Only if the respondent's conduct constitutes waiver of the defect under sec. 269.51, Stats., does the court have personal jurisdiction to proceed. Sec. 269.51 (1) provides in part:

"When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court,

unless he shall move to dismiss such appeal before taking or participating in any other proceedings in said appellate court."

The respondent in the circuit court stood upon her rights, moved to dismiss, and did not participate in the merits. The trial court properly concluded under those circumstances that it had no jurisdiction over the appeal.

In summary, then, of the general principles which should be familiar to every practitioner:

1. No appeal can be taken to any court unless the matter appealed from is a judgment, a final order, or an order made appealable by statute.

2. An appeal from a matter which is not specifically appealable confers no jurisdiction upon an appellate court.

3. When a judgment or appealable order is entered in the trial court, subject matter jurisdiction is vested in the appellate court from that time, whether or not the appeal is taken from the appealable matter.

4. A notice of appeal from a nonappealable order confers no personal jurisdiction upon the appellate court, even though it has acquired subject matter jurisdiction by virtue of the entry of an appealable order in the trial court.

5. An appellate court may proceed to a decision on the matter only if it has subject matter jurisdiction and personal jurisdiction.

6. An appellate court having subject matter jurisdiction of the appeal when the notice of appeal is from a nonappealable order can proceed to a final decision only under circumstances when it can be found that the respondent has waived objection to personal jurisdiction as provided in sec. 269.51, Stats.

The instant case falls within criterion No. 6. The respondent did not waive personal jurisdiction, and,

accordingly, the order of the trial court dismissing the appeal must be affirmed.

*By the Court.*—Order affirmed.

DAY, J., took no part.