# COURT OF APPEALS
# DECISION
# DATED AND FILED

## October 6, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.**   **2021AP449-FT**
   **2021AP450-FT**

Cir. Ct. Nos.  2020CV386
2020CV387

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

CITY OF PORT WASHINGTON,

   PLAINTIFF-RESPONDENT,

 V.

SANDRA J. KOZIOL,

   DEFENDANT-APPELLANT.

APPEALS from orders of the circuit court for Ozaukee County: STEVEN MICHAEL CAIN, Judge. *Affirmed*.

¶1    NEUBAUER, J.[1]    In this consolidated appeal, Sandra J. Koziol appeals from orders of the circuit court granting the City of Port Washington's

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version.

motion to dismiss her appeal from municipal court convictions and denying her motion to reconsider the dismissal. The circuit court found that Koziol had failed to perfect her appeal to that court by serving a written notice of her appeal with the City as required by Wisconsin statute. We affirm.

## BACKGROUND

¶2 The parties generally agree as to the relevant historical and procedural facts leading up to this appeal, which go back to Koziol's convictions in municipal court for operating a motor vehicle while intoxicated and improper refusal to submit to chemical testing following her arrest. Koziol timely filed a notice of appeal of her municipal court convictions with the Ozaukee County Circuit Court requesting a trial de novo. About a month after Koziol filed her notice of appeal with the circuit court, the City filed a motion to dismiss the appeals and the requests for trial. The City argued that dismissal was warranted because Koziol had failed to timely perfect her appeal by providing written notice of the appeal to the City. The City included with its motion a sworn affidavit from City attorney, Eric Eberhardt, stating that the City never received any written notice of appeal from Koziol.

¶3 In response to the City's motion to dismiss, Koziol offered a letter from her attorney attaching what he alleged to be a copy of a transmittal letter enclosing the notice of appeal. Koziol did not present the court with an affidavit of mailing either at the time she filed the notice of appeal or in response to the City's motion to dismiss and Eberhardt's affidavit averring non-receipt.

¶4 The circuit court held a hearing on the motion to dismiss. At the hearing, Eberhardt directed the court to his sworn affidavit stating that the City

2

never received any written notice of appeal. Koziol's attorney argued that he had verbally informed the City at the close of the municipal trial that Koziol intended to appeal the convictions to the circuit court. Koziol's attorney further argued that "to the best of [his] knowledge" his secretary had mailed the notice of appeal and that he did not "know why it didn't get there."

¶5 The circuit court granted the City's motion and dismissed Koziol's appeals. The court observed that the statute contains "a strict requirement" that timely *written* notice of appeal be served on the other party in order to perfect an appeal of a municipal court judgment to a circuit court. *See* WIS. STAT. § 800.14(1). The court explained its rationale and findings as follows:

> There's just nothing of evidentiary value that was filed in opposition to the motion that would allow Ms. Koziol to prevail and for this Court not to rule other than to dismiss it. The notice requirement is, again, a strict requirement. Saying I mailed it without any other evidentiary support doesn't cut it.
>
> So I am going to dismiss Ms. Koziol's appeal as not timely.

¶6 Offering further insight into its finding as to the lack of evidentiary support on Koziol's behalf, the circuit court observed that if Koziol had offered an affidavit of mailing or even computer-generated "information … to show that the document was created on that date versus a later date," the result may have been different. However, it concluded that "in the absence of that [it had] to dismiss the matter."

¶7 Koziol filed a motion to reconsider. She argued that the fact that the letter from her attorney's office to the City with a copy of the notices of appeal was sufficient evidence from which the court could conclude that the appeal was

3

perfected. This time, Koziol "E-filed" an "Affidavit of Mailing" signed by the secretary for Koziol's attorney on the same day the motion to reconsider was submitted. The circuit court held a hearing on the motion to reconsider, and subsequently denied the motion. In denying Koziol's reconsideration motion, the court found that "the affidavit of mailing[] is something that should have been presented … in response to the motion to dismiss" and observed that "[a] motion to reconsider is not an opportunity to bring up evidence that was available … or should have been presented at the front end." The court again noted that there was no contemporaneous support that the letter was created or mailed when the notices of appeal were filed, such as a digital trail. The court basically held that the late submission of the affidavit of mailing was too little, too late. Koziol appeals.

## DISCUSSION

¶8 On appeal, Koziol argues that the circuit court erred in granting the City's motion to dismiss due to her failure to timely serve the City with the notice of appeal as required by WIS. STAT. § 800.14(1) and that the court erred in denying her motion to reconsider.

¶9 The Wisconsin Constitution provides in relevant part: "Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law." WIS. CONST. art. VII, § 8. Thus, a circuit court has no jurisdiction over an appeal from a municipal court except "under the rules of appealability established by the legislature." *Walford v. Bartsch*, 65 Wis. 2d 254, 258, 222 N.W.2d 633 (1974). "In order for there to be a right of appeal some statute must grant it and a party seeking to appeal must

4

follow the method prescribed in the governing statute." *City of Mequon v. Bruseth*, 47 Wis. 2d 791, 794, 177 N.W.2d 852 (1970).

¶10 The governing statute in this case is WIS. STAT. § 800.14, which grants appellate jurisdiction for municipal court decisions to the state circuit courts. To confer jurisdiction on the circuit court over an appeal from a municipal court's decision under this statute, an "appellant shall appeal by giving the municipal court *and other party written notice of appeal …* within 20 days after the judgment or decision." Sec. 800.14(1) (emphasis added).

¶11 This case calls on us to review facts found by the circuit court and to apply WIS. STAT. § 800.14 to those facts. We will overturn factual findings in a case tried to the court only if they are clearly erroneous. WIS. STAT. § 805.17(2). Under the clearly erroneous standard, "[w]e do not reweigh the evidence or reassess the witnesses' credibility, but will search the record for evidence that supports findings the trial court made, not for findings it could have made but did not." *Dickman v. Vollmer*, 2007 WI App 141, ¶14, 303 Wis. 2d 241, 736 N.W.2d 202.

¶12 We consider here whether Koziol perfected her appeal by giving timely written notice to the City as required by WIS. STAT. § 800.14, which requires us to apply that statute to the factual findings. "'Statutory interpretation and the application of a statute to a given set of facts are questions of law that we review independently, but benefiting from' the analysis of the circuit court." *Marx v. Morris*, 2019 WI 34, ¶21, 386 Wis. 2d 122, 925 N.W.2d 112, *reconsideration denied*, 2019 WI 84, 388 Wis. 2d 652, 931 N.W.2d 538; *Welin v. American Fam. Mut. Ins. Co.*, 2006 WI 81, ¶16, 292 Wis. 2d 73, 717 N.W.2d 690.

5

¶13    Koziol first argues that the circuit court improperly dismissed her appeal because WIS. STAT. § 800.14(1) places no requirements or limitations on the method of delivery for a written notice of appeal. She contends that § 800.14(1) "does not require that the written notice shall be mailed by certified mail, registered mail, personal service or any other type of mail with a proof of delivery." Koziol cites *American Family Mutual Insurance Co. v. Golke*, 2009 WI 81, ¶33, 319 Wis. 2d 397, 768 N.W.2d 729 in support of this argument. The cited selection from *Golke* provides that regular mail can be an effective means of serving notices on opposing counsel. *See id.*

¶14    While Koziol is correct in that there is no obligatory method of delivery of the written notice required pursuant to WIS. STAT. § 800.14, she was still required to establish that she actually gave written notice to the City, as the "other party," to satisfy the statute. She failed to do so because she did not provide the court with admissible evidence that the written notice upon which she relied was mailed. After the City moved to dismiss and submitted Eberhardt's affidavit testifying that the City did not receive written notice, it was incumbent upon Koziol to provide admissible evidence establishing that the written notice was mailed. The letter submitted was not properly authenticated within the meaning of WIS. STAT. § 909.01, which provides: "[t]he requirements of authentication or identification as a condition precedent to admissibility are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Much more to the point, it was not accompanied by a sworn affidavit of mailing—an affidavit based on personal knowledge and showing affirmatively that the affiant is competent to testify to the matters stated therein. Thus, there was no admissible evidence that the letter was mailed. Koziol

does not argue otherwise. Thus, the court's finding that the City's affidavit of non-receipt was unrebutted is not factually or legally erroneous.

¶15 While the result may be harsh, as the circuit court correctly noted, WIS. STAT. § 800.14 grants circuit courts appellate jurisdiction over municipal court decisions. Jurisdiction is only conferred on the circuit court when a party attempting to appeal complies with the terms of § 800.14. In this case the circuit court was without jurisdiction under § 800.14(1) because Koziol failed to give the required notice of appeal to the opposing party, the City. When a specific method of review is prescribed by statute, that method is exclusive. *Sewerage Comm'n of Milwaukee v. DNR*, 102 Wis. 2d 613, 630, 307 N.W.2d 189 (1981). Failure to comply with the statutory procedure deprives the court of jurisdiction to conduct the review. *See Walford*, 65 Wis. 2d at 258. Koziol does not contend that the requirements are not mandatory, an argument that has been rejected in a prior unpublished but persuasive decision of this court. *See City of Milwaukee v. Sherard*, No. 2012AP810, unpublished slip op. ¶1 (WI App Oct. 30, 2012) (cited for persuasive value per WIS. STAT. RULE 809.23(3)(b)). Thus in this case, the circuit court properly dismissed Koziol's appeal because she did not fulfill the statutory requirements to give the court jurisdiction.

¶16 Turning to Koziol's argument that the circuit court erred in its denial of her motion for reconsideration, as the circuit court noted, in order for a court to grant "a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *See Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶44, 275 Wis. 2d 397, 685 N.W.2d 853. "A party may not use a motion for reconsideration to introduce new evidence that could have been

7

presented earlier." *Id.*, ¶46 (citation omitted). We review a trial court's decision on a motion for reconsideration under the erroneous exercise of discretion standard. *Id.*, ¶6.

¶17 The circuit court here found that Koziol could have presented the affidavit of mailing at the motion to dismiss stage, a finding that Koziol does not dispute. The court further noted that there was no sufficient explanation for the failure to provide any sort of contemporaneous evidence showing the letter was created and mailed when the notices of appeal were filed. Koziol provides no argument that these conclusions were clearly erroneous, or authority that, in any other respect, this was an erroneous exercise of the court's discretion. As explained above, Koziol failed to establish that the court's prior dismissal involved a manifest error of law or fact.[2]

## CONCLUSION

¶18 For the foregoing reasons, we affirm the decisions of the circuit court granting the City's motion to dismiss and denying Koziol's motion for

---

[2] Koziol further asserts that she brought the motion under WIS. STAT. § 806.07(1)(h) seeking relief from the order "in the interest of justice" without developing any argument in support of her position aside from that she "believes [the late-filed affidavit of mailing] should be considered as evidence of said mailing." First, while Koziol cited § 806.07 in her motion, the circuit court declined to address the reference because she had not developed the basis. We agree that the argument was not sufficiently addressed before the circuit court, and as such, the issue was forfeited. Beyond that, on appeal as well, Koziol provides no binding or even persuasive legal authority to support her position that the court erroneously exercised its discretion by declining to overlook her late-filing or to help explain why her circumstances demand relief in the interest of justice. Without more, Koziol provides us with no basis to grant her appeal as to this issue. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (we need not decide issue inadequately briefed); *Fritz v. McGrath*, 146 Wis. 2d 681, 686, 431 N.W.2d 751 (Ct. App. 1988) ("Generally, we do not consider arguments broadly stated but never specifically argued.").

reconsideration. The circuit court was without jurisdiction over Koziol's appeals because she failed to timely provide the City with written notice thereof.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.